In re the MARRIAGE OF Linda Arline
HUGHES, Appellant,

and

Terry H. Hughes, Respondent.

No. 14241.

Missouri Court of Appeals,
Southern District,
Division One.

July 30, 1987.

Robert C. Fields, Springfield, for appellant.

No appearance for respondent.

HAROLD L. LOWENSTEIN, Special Judge.

Appellant Linda Arline Hughes appeals the trial court's modification of a 1981 dissolution decree. This court reverses.

Appellant and her ex-husband, respondent Terry H. Hughes, were divorced in 1981. The dissolution decree awarded custody of the couple's four minor children to appellant. Respondent was ordered to pay $150 per month per child in support "until such time as each child becomes 18 years of age or completes High School, whichever shall occur the later." In 1983, appellant filed a motion to modify the decree requesting, among other things, that child support for the three remaining unemancipated children be increased to $250 per month per child "until each unemancipated child reaches age 21, is sooner emancipated, or until further Order of the Court."

Evidence at the hearing on the motion to modify revealed that Casey, age 19, Becky, age 16, and Devin, age 13, were still living with appellant and attending school. The oldest child, Kelly, had married and was emancipated. Casey was due to graduate from high school the month after the hearing and planned to attend college after his graduation. The results of his ACT exam showed he was qualified to do college work. At the time of the hearing, Casey was working as a cook approximately eight hours a day six days a week for $3.75 an hour. He contributed about $20 to $40 every three months to the household expenses.

Respondent was employed by Union Pacific Railroad and grossed $45,133.17 in 1984. Respondent said he would help the children attend college as long as he was in charge of it. On February 1, 1985, the court entered its order modifying the decree requiring that respondent pay $225 per month for Devin and Becky "until such time as the child becomes 18 years of age or completes high school, whichever shall occur the later." Support for Casey was set at $300 per month "until the child reaches the age of 21 years, if he is attending a fully accredited, publicly supported college or university as a full-time student, unless he marries or otherwise becomes emancipated." The appellant's motion for a new hearing was denied, she brings this appeal. Review is under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court's judgment will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence or erroneously declares or applies the law.

■ The appellant raises two points. She first claims that under Missouri law Becky and Devin are entitled to child support until they reach age 21 or become emancipated. Her statement of law is correct. *Cole v. Estate of Armstrong*, 707 S.W.2d 459, 462–463 (Mo.App.1986); *Biermann v. Biermann*, 657 S.W.2d 65, 67 (Mo.App.1983). The question here is if respondent must comply with that law even though the dissolution decree terminates respondent's obligation to pay when "the child becomes 18 years of age or completes high school." This court holds that the dissolution decree should be modified to require respondent to support his children until they reach age 21 or become emancipated. Two considerations support this conclusion.

■ First, the trial court opened the door to modification when it extended re-

spondent's obligation to support Casey. The court ordered respondent to support Casey even though Casey was 19 and about to graduate from high school. Second, child support provisions within a dissolution decree are modifiable. *In re Marriage of Goodrich,* 622 S.W.2d 411, 413 (Mo.App. 1981); *Williams v. Williams,* 542 S.W.2d 563, 566 (Mo.App.1976). Modification is necessary when the support provisions conflict with the law. In *Goodrich,* the dissolution decree incorporated a separation agreement which required that the noncustodial father support his daughter until age 18. The mother's motion to modify the decree asked that the father support his daughter until age 21 or emancipation. The trial court ordered the modification and the father appealed. He argued that the mother, by entering into the separation agreement, "contracted away" her right to receive child support after the daughter turned 18. *Id.* at 412. The court disagreed and stated at 413:

> We hold that in a dissolution proceeding the trial court, at the request of a parent, can make orders providing for support until the child reaches 21. Any agreement by the parties limiting that power was not binding on the court.

The rationale of *Goodrich* is also applicable here. The dissolution decree in this case improperly limited the father's duty to support his children. Missouri law fixes the duration of the support obligation at age 21 or emancipation. Respondent may not rely upon the terms of the original dissolution decree to avoid Missouri law.

Appellant's second point is that respondent's obligation to support Casey also conflicts with the law that support continue through age 21 or emancipation. She argues that Casey's support should not be conditioned upon his full-time attendance of a publicly supported and fully accredited college. Appellant's argument is correct. Just as respondent cannot limit his duty to support Becky and Devin, neither may respondent condition Casey's support on his college attendance. Whether attending college or not, Casey is entitled to support through age 21 or emancipation. Moreover, the requirement that Casey attend a "publicly supported" "fully accredited" college "full time" raises problems of enforcement. *Sunderwirth v. Williams,* 553 S.W.2d 889, 894 (Mo.App.1977). Execution of this provision could require another hearing and consequently the provision is not sufficiently definite to be capable of enforcement.

This court finds that the trial court's order should be reversed and the decree modified to require respondent to support all three children until they reach age 21 or are emancipated. The judgment is reversed and remanded.

CROW, C.J., GREENE, P.J., and DOWD, PUDLOWSKI and WHIPPLE, Special Judges, concur.