Mary F. LEE, Appellant,

v.

John D. LEE, Respondent.

No. WD 40923.

Missouri Court of Appeals,
Western District.

April 4, 1989.

Betsy Ann T. Stewart, Independence, for appellant.

Michael J. Albano, Independence, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

FENNER, Judge.

Appellant, Mary F. Lee, appeals the denial of her Motion to Modify a previous decree dissolving her marriage from Respondent, John D. Lee. On March 10, 1986, the trial court entered an order which granted custody of the four minor children of the parties to the Respondent. The court's order of March 10, 1986, failed to dissolve the marriage of the parties and on July 8, 1986, the trial court entered its order entitled Amended Decree of Dissolution of Marriage Corrected Nunc Pro Tunc. The order of July 8, 1986, formally dissolved the marriage of the parties.

On June 2, 1987, Appellant filed a Motion to Modify requesting that custody of the minor children be placed with her, that Respondent be ordered to pay child support and that Respondent be ordered to pay her attorney fees and costs. Evidence was heard on Appellant's Motion to Modify on June 28 and 29, 1988, and continued to July 7, 1988. On July 7th the evidence was completed and the cause taken under advisement by the court.

On July 13, 1988, the trial court entered its order denying Appellant's Motion to Modify on the basis that Appellant failed to present evidence "that any change in circumstances has occurred since the entry of the Decree of Dissolution."

The children of the parties are Shon David Lee, born February 1, 1966; Andrea Kathleen Lee, born May 26, 1969; Annalisa Lee, born December 15, 1972; and Eric Andrew Lee, born February 1, 1977. It is undisputed that since the time of the parties' dissolution, Shon reached the age of 21 and became emancipated. It is also undisputed that in October of 1986, Andrea Lee left the home of her father and lived with friends for a short period before moving in with her mother. It is further an undisputed fact that in May of 1987, Annalisa Lee left the home of her father and has since lived with her mother and her sister, Andrea. At the hearing on Appellant's Motion to Modify, Respondent conceded that he did not wish to attempt to force either Annalisa or Andrea to return to live with him and that to do so would cause serious problems with both of the girls.

In addition to the foregoing, there was much disputed testimony as to what was in the best interest of the children and whether or not either of the parties had the ability to provide parental support, love and guidance to the children. However, given the ruling of the trial court it is not necessary for this court to consider the disputed testimony in resolving the appeal.

Appellant argues that the trial court erred in finding that there was not a change in circumstances since the Decree of Dissolution and further that the evidence mandates a change of custody of the three unemancipated minor children from the Respondent to her. Appellant further argues that the trial court erred by failing to order Respondent to pay a reasonable sum to her as child support and by failing to order Respondent to pay her attorney fees.

The standard for review in this court tried case requires that the order of the trial court be sustained by the appellate court unless the order is against the weight of the evidence, there is no substantial evidence to support it, it erroneously declares the law or it erroneously applies the

law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Modification of a prior decree of custody depends, in the first instance, on proof of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, showing that a change has occurred in the circumstances of the child or his custodian and that modification is necessary to serve the best interest of the child. *Gentry v. Simmons,* 754 S.W.2d 579 (Mo.App.1988).

■ A custodial parent's allowing children to stay for an extended time with the non-custodial parent and the children's desire to stay with the non-custodial parent constitutes a significant change of circumstances that can support a modification of a prior custody decree. *Morrison v. Morrison,* 676 S.W.2d 279, 281 (Mo.App.1984). In the same vein, where the relationship between a child and a custodial parent has deteriorated and where the child has left the custodial home on the child's own accord, a change of circumstances sufficient to support a modification is present. *Gentry v. Simmons,* 754 S.W.2d 579, 581 (Mo. App.1988); *Dutton v. Dutton,* 668 S.W.2d 585, 589 (Mo.App.1984).

■ There was a clear showing of a change in the circumstances of the minor children of the parties in this cause. Andrea, by her choice, had been living with her mother for approximately a year and a half at the time of the trial court's order denying Appellant's motion to modify. Annalisa, also by her choice, had been living with her mother for just over a year. Eric was still living with his father but had suffered a separation from his sisters which clearly constitutes a change in his circumstances.

The order of the trial court finding that there had not been a change in the circumstances of the minor children herein is reversed as being against the weight of the evidence and erroneously applying the law.

This cause is remanded with directions to the trial court to consider Appellant's Motion to Modify on its merits together with the issues of child support, attorney fees and costs.

All concur.