Mary F. LEE, Appellant,

v.

John D. LEE, Respondent.

No. WD 42184.

Missouri Court of Appeals, Western District.

Dec. 19, 1989.

Betsy Ann T. Stewart, Ahmann, Stewart & Nixon, P.C., Independence, for appellant.

Michael J. Albano and John W. Dennis, Jr., Independence, for respondent.

Before MANFORD, P.J., and. SHANGLER and CLARK, JJ.

CLARK, Judge.

This appeal is from an order modifying a prior divorce decree and awarding custody of two of the parties' children to appellant mother and granting her child support. Appellant contends the court erred when it failed to grant her custody of a third child, when it allowed insufficient support and when no attorney fees were awarded to appellant. The judgment is affirmed.

This is a second appeal of the same case. In *Lee v. Lee,* 767 S.W.2d 373 (Mo.App. 1989), this court reversed the decision by the trial court to deny the mother's motion to modify and remanded the case for a hearing and decision on the merits of the motion. The original decision of the trial court that no change of circumstances had been proved was found to have been contrary to the weight of the evidence and erroneous as a matter of law.

On remand, the trial court ordered custody of two of the children, Andrea born May 26, 1969 and Annalisa born December 15, 1972, transferred from respondent to appellant and awarded appellant $500.00 per month per child as child support. The court denied appellant's motion as to a change in custody of Eric, born February 1, 1977, and did not allow appellant any attorney fees.

In her first point of alleged error, appellant contends proof of changed circumstances required the trial court to order a change in the custody of Eric and it was error not to do so.

■ A spouse seeking change in custody of a child has the burden to show that a change has occurred in the circumstances of the child or the parent since the decree and that modification is necessary to serve the best interests of the child. *Wilhelmsen v. Peck,* 743 S.W.2d 88, 92 (Mo.App. 1987). When there is conflicting evidence regarding the relative fitness of the parents for custody, the resolution of the conflicts and the determination of the credibility of the witnesses will be left to the trial court and deference will be accorded to its conclusions. *Sturma v. Sturma,* 674 S.W.2d 626, 627 (Mo.App.1984). An appellate court defers to the findings of the trial court in the matter of child custody unless firmly convinced that the welfare of the child requires some other disposition. *Hartig v. Hartig,* 738 S.W.2d 160, 161 (Mo.App. 1987). Review of an order in a proceeding to modify a divorce decree is limited to determining whether the order is supported by substantial evidence, is against the weight of the evidence or erroneously declares or applies the law. *Markowski v. Markowski,* 736 S.W.2d 463, 465 (Mo.App. 1987).

■ The arguments appellant makes furthering her contention that the record does not support the judgment denying a change in custody of Eric depend entirely upon a restatement of the evidence in the light most favorable to her allegations. She ignores all contrary evidence and inferences and also the conclusion by the trial court, implicit in its judgment, that appellant's evidence was unpersuasive or not worthy of belief. The court expressly found that Eric was doing well in respondent's custody, that respondent's testimony as to his care of Eric was credible and that continuing custody with respondent would be in Eric's best interests.

Admittedly, appellant presented by far the bulk of the evidence offered on her motion, but there was evidence from respondent which, if accepted by the trial court, was sufficient to support the judgment. Evaluation of all the evidence and the assessment of the witnesses' credibility was for the trial court and did not depend on the number of witnesses called by either party or on the volume of testimony.

Moreover, the burden was on appellant to prove the grounds for her motion. If the trial court did not find that evidence credible, such conclusion was alone sufficient to warrant denial of the motion.

The record with respect to custody of Eric has been thoroughly reviewed and, apart from all other considerations, there can be no firm conviction that Eric's welfare requires this court to intervene and order a different custody arrangement. Appellant's first point is denied.

Appellant's second point argues that the court erred when it failed to award appellant $500.00 per month for the support of Eric. The point depends, of course, on a reversal of the trial court's judgment regarding Eric's custody, there being no contention that appellant otherwise expects to incur any expenses for Eric not already defrayed directly by respondent as the custodial parent. Disposition of appellant's first point renders the argument on issues in the second point moot.

Appellant next asserts that the trial court's order allowing her support for daughters Andrea and Annalisa payable by respondent in the amount of $1000.00 per month is "shockingly inadequate." To ascertain an appropriate sum, appellant relies on her own computation allegedly made under Missouri Child Support Guidelines published by the Missouri Bar Association.[1] Under the schedules which that guide utilizes, the allowance made by the court here conforms to a recommended basic support obligation. The primary cause of departure, and presumably the ground for appellant's complaint, is her addition of special needs for the daughters amounting to the sum of $918.00 per month. Thus, under appellant's calculation, the amount for support should have been twice that which was allowed.

■ This court has previously held that the child support guidelines are entitled to substantial consideration, but the final determination culminating in the support order requires a balancing between the needs of the child and the ability of the father to pay. *Reed v. Reed,* 775 S.W.2d 326, 330 (Mo.App.1989). That judicial determination involves the exercise of the trial court's decision making function and is not a ritual dictated by schedule or formula. To warrant reversal of a child support award, the discrepancy between the amount of support allowed and the guidelines must be such as to indicate an abuse of the trial court's discretion. Where reasonable men could differ on the propriety of the action taken by the trial court, there is no abuse of discretion. *Westrich v. Westrich,* 694 S.W.2d 873, 879 (Mo.App.1985).

■ In the present case, the trial court was entitled to consider, in setting the amount of child support, not only respondent's earnings, but the future payment obligations respondent incurred for loans obtained to pay appellant her share value in non-liquid marital assets set over to respondent and the substantial debts incurred during the marriage which respondent was ordered to pay. The court was also entitled to consider the expense to respondent for maintaining medical, dental and hospitalization insurance for the children and the capability of appellant to generate earnings of $12,000 to $18,000 per year as a teacher. Considering these factors, the expense respondent assumed as custodian of Eric and his own living expenses and the credibility of appellant's estimates of her own and the daughters' expenses, we cannot conclude that the award of $1000.00 a month child support amounted to an abuse of the trial court's discretion. Appellant's third point is denied.

■ Appellant's final point contends that the trial court abused its discretion when it failed to order respondent to pay appellant's attorney fees. According to appellant's trial exhibit number 3, fees and expenses charged by appellant's attorney for services in connection with the motion to modify between May 6, 1987 and June 27, 1988 amounted to $6197.86. The exhibit shows no credit for payment on the account and does not include services in trial of the motion or for the appeals.

**1.** Cited as 735–736 S.W.2d XL (Missouri cases);   replaced by Rule 88 effective April 1, 1990.

The first problem with the asserted point of error is that it fails to comply with Rule 84.04(d) in that appellant does not indicate wherein and why it is contended the trial court erred when it allowed appellant no attorney fees. Obviously, the mere fact that the court denied appellant's request to tax her fees by way of a judgment against respondent is not a statement of trial court error. The failure by an appellant to meet this requirement of the rule preserves nothing for appellate review and where, as here, no plain error review is sought, the appellate court is entitled to affirm the judgment without consideration of the point. *Looney v. Looney*, 771 S.W.2d 377, 378 (Mo.App.1989).

■ In this case, we have elected to scan the trial record and appellant's brief to ascertain if the portion of the judgment complained of presents a situation of manifest injustice or a miscarriage of justice. Rule 84.13(c). This review is persuasive that the evidence or, more accurately, the lack thereof, explains the action by the trial court.

■ It is incumbent upon the party who seeks an allowance for attorney fees to show the extent of the necessary services so that the trial court may make an award based at least in part on such evidence, and so the appellate court can examine the evidence in gauging the propriety of the trial court's discretionary action. *Jeans v. Jeans*, 300 S.W.2d 870, 873 (Mo.App.1957). The court in considering a request for allowance of attorney fees is not limited to evidence of financial resources. Inability of the spouse to pay an attorney's fee is not a requirement for the awarding of a fee. *Kieffer v. Kieffer*, 590 S.W.2d 915, 918 (Mo. banc 1979). The trial court has broad discretion in awarding or denying attorney's fees. *Balven v. Balven*, 734 S.W.2d 909, 915 (Mo.App.1987). An award of attorney fees in a dissolution of marriage case will be disturbed on appeal only upon a showing that the trial judge abused his discretion. *Roth v. Roth*, 760 S.W.2d 616, 619 (Mo.App.1988).

The evidence presented by appellant did not satisfy the burden of proof required to show the necessity for the services reflected in exhibit number 3, statement of account, or most significantly, what the status of the account was as between appellant and her attorney. Evidence was presented by appellant that she had paid her attorney a retainer of $5000.00 and also that for some reason, the attorney had refunded $2000.00 to her. Appellant also introduced in evidence a schedule entitled, "How I Spent House Equity Judgment." The expenditures were necessarily reflective of post-dissolution decree transactions because the funds were acquired as a product of the division of marital assets ordered by the court in its original judgment. Included in the items was $9194.37 paid to appellant's attorney on a date not shown. When respondent's attorney attempted to inquire what services were compensated by the payment, appellant's attorney objected and no explanation was supplied. Finally, appellant herself was less than forthcoming on the subject of what services and expenses had necessarily been incurred in pursuing the modification motion and she had no clear understanding of what amounts were involved.

In light of the evidence presented on the subject of attorney fees and the finding by the trial court that appellant was at least in part the author of the problems with Andrea and Annalisa by her efforts to frustrate the custodial provisions of the original decree, it cannot be successfully contended that a failure to award attorney fees to appellant created a manifest injustice or a miscarriage of justice. It also follows that the trial court did not abuse its discretion in the judgment as entered. Appellant's last point is denied.

■ Respondent has filed a motion for damages for the appeal contending it was frivolous. Although appellant's points on appeal were not persuasive of any error in the judgment on the modification motion, and there is indication that the rancor which pervaded the dissolution case continues, we are not convinced the appeal has been prosecuted in bad faith. It is, however, appropriate that appellant recognize the value in placing this litigation behind

her and accommodating herself to the result in the case. The motion for damages is overruled.

The judgment is affirmed.

All concur.