Janet May (Helton) DAVIS, Respondent,

v.

Philip Lloyd HELTON, Appellant.

No. WD 42792.

Missouri Court of Appeals, Western District.

Sept. 25, 1990.

Allan D. Seidel and Deborah L. Havens of Miller & Seidel, Trenton, for appellant.

Michael D. Arnold, Gallatin, for respondent.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

MANFORD, Judge.

This is an appeal from the circuit court's order granting modification of a dissolution of marriage decree regarding child support, pursuant to § 452.340, RSMo Supp.1989. The judgment is affirmed.

The marriage of Janet May Helton Davis (Janet) and Philip Lloyd Helton (Philip) was dissolved on January 1, 1984, with Janet receiving custody of the parties' child, Rhonda Joyce Helton (Rhonda). The original decree was ordered modified upon stipulation of the parties on October 27, 1986, increasing child support from $200.00 to $400.00 per month so long as Rhonda remained a full-time student at the University of Missouri at Columbia. Child support was payable until she reached 21, became emancipated, or died. Rhonda remained a full-time student and became 21 on January 4, 1989. Child support payments ceased on that date.

Prior to Rhonda's 21st birthday, § 452.340.5, RSMo Supp.1989 was amended, effective August, 1988, which provides for continuing child support to the age of

22 if a child is enrolled in an institution of higher learning. Janet filed a two-count motion to modify on April 4, 1989. Count I requested child support and health insurance coverage to continue from January 4, 1989 to Rhonda's 22nd birthday, January 4, 1990, in light of § 452.340.5, RSMo Supp. 1989, as amended. Count II requested an increase in child support. On July 24, 1989, the trial court ruled on count I, ordering child support to be extended until Rhonda's 22nd birthday, January 4, 1990. The order was retroactive to Rhonda's 21st birthday on January 4, 1989. Then, on September 22, 1989, the trial court ruled on Count II, increasing the amount of child support to $565.00, retroactive to the date of the filing of the motion to modify, April 4, 1989, which was well within the discretion of the trial court. This appeal followed.

Philip presents three points on appeal which, in summary, charge that the trial court erred in granting modification in that (1) it had no jurisdiction to make any order in regard to child support because the existing decree terminated when the minor child reached the age of 21 and no motion was filed seeking modification, pursuant to the newly-enacted § 452.340.5, RSMo Supp. 1989, of this earlier decree prior to termination of the decree; (2) even if the trial court did retain jurisdiction, the trial court erred by ordering child support to resume retroactive prior to the date the motion to modify was filed, in that the court had no authority to do so because the order of support had expired and no motion to modify had been filed prior to the expiration of said order; and (3) there was no substantial evidence to support a finding of a substantial change in circumstances attendant to the child, as the child's expenses remained the same, as well as the income of respondent and appellant.

Evidence was presented to the trial court. Janet testified that she works as a secretary-bookkeeper, earning $435.76 bimonthly. Her current husband receives $890.00 per month for disability retirement. Janet testified that she has kept a record of Rhonda's college expenses on a yearly basis. Rhonda's college expenses per year have steadily increased from $4,748.49 during the 1986–87 school year, to $5,723.20 during 1987–88, to $9,824.88 during the 1988–89 school year. Rhonda attended school on a year-round basis. At the beginning of the summer session in 1987, Rhonda moved into an apartment off campus. This has been her continued living arrangement since 1987. In March, 1989, Rhonda's roommate moved out of the apartment, leaving her responsible for the entire rent in the amount of $350.00 per month.

Philip testified that he sells insurance and that his annual adjusted gross incomes have been $74,007.00 for 1986, $122,631.00 for 1987, and $87,389.00 for 1988. Philip also holds approximately $500,000.00 in tax-deferred cash assets. He owns his own home which, he testified in his opinion, has a fair market value in the upper 40's. He also has miscellaneous other holdings.

■ In determining whether the trial court erred in granting modification, this court applies the standard of review set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Therefore, the judgment must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence or it erroneously declares or applies the law. *Crooks v. Crooks*, 666 S.W.2d 33, 34 (Mo. App.1984).

Philip's first and second points are taken up together. The question here is if Philip must comply with the law pursuant to § 452.340.5, RSMo Supp.1989, even though the dissolution decree terminates his obligation to pay when "[Rhonda] attains the age of 21, is emancipated, or dies." This court holds that the trial court's decision to modify the dissolution decree to require Philip to support his daughter until she reaches the age of 22 is correct.

■ Missouri case law supports the trial court's decision. Child support provisions within a dissolution decree are modifiable. *In re Marriage of Goodrich*, 622 S.W.2d 411, 413 (Mo.App.1981). Modification is necessary when the support provisions conflict with the law. *In re Marriage of Hughes*, 734 S.W.2d 280, 282 (Mo.

App.1987). At the time the *Hughes* case was decided, Missouri law required child support to be paid until the child reached the age of 21 or became emancipated. *Id.* at 281. The dissolution decree, in direct conflict with Missouri law, terminated the obligation to pay support when the child turned 18 or completed high school. *Id.* The *Hughes* court held that the dissolution decree improperly limited the father's duty to support his children as the agreement entered into between the mother and father limiting support until the age of 18 was invalid under Missouri law.

■ In the instant case, child support was limited under the dissolution decree by law to the age of 21. The new law, raising that age to 22, went into effect in August of 1988. Rhonda's 21st birthday was January 4, 1989. Section 452.340.5, RSMo Supp.1989 was effectuated prior to Rhonda's 21st birthday, bringing the dissolution decree into direct conflict with Missouri law. Therefore, the dissolution decree must be modified so as to avoid conflict with Missouri law. *Hughes* at 282. The dissolution decree as of August, 1988 improperly limited Philip's duty to support his daughter. The support law as of August, 1988 as it pertains to this case, states:

"[i]f the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of 22, whichever first occurs." § 452.340.5, RSMo Supp.1989.

The trial court was correct in modifying the decree to conform with § 452.340.5, RSMo Supp.1989.

■ Further, the trial court was correct in ordering the support to be paid retroactive from the child's 21st birthday. The law required Philip to pay support until Rhonda's 22nd birthday. Therefore, support was due and owing from January 4, 1989 through January 4, 1990. The fact that Janet did not file a motion to modify support until three months after Rhonda's 21st birthday did not cause the trial court to lose jurisdiction because, by operation of the amended statute, the duty to provide support had not terminated upon Rhonda's 21st birthday. By ordering support to continue from January 4, 1989 to January 4, 1990, the trial court was merely bringing the dissolution decree in line with the current status of the law mandating continuous, uninterrupted child support until Rhonda reached the age of 22.

■ Philip also contends that the trial court erred in increasing the amount of support because there was no evidence of a substantial and continuous change of circumstances which required modification of the dissolution decree. This court disagrees. The test for determining the need for modification is well established and the change must be so substantial and continuing so as to make the terms of the previous order unreasonable. *Crowell v. Crowell*, 742 S.W.2d 244, 246 (Mo.App.1987).

■ Janet proved that Rhonda's financial needs had increased. She kept a ledger which documented the steady increase in Rhonda's college expenses. Those increases are previously set out in the text of this opinion. College expenses are properly considered as bearing upon the amount of child support. *Goodrich*, 622 S.W.2d at 413. The financial resources of Philip and Janet may also be considered when modifying the award. § 452.370.1, RSMo Supp. 1989; *see also, Etling v. Etling*, 747 S.W.2d 285, 287 (Mo.App.1988).

The evidence shows that Philip's income has increased and Janet's has remained unchanged. Philip's gross adjusted incomes for 1986, 1987, and 1988 show he can well afford the increase in the support award. Philip contends that because the increase in Rhonda's expenses is primarily due to the fact that Rhonda has chosen to live in an apartment, he should be relieved of his duty to help meet the financial needs of his child. This logic must fail. What is logical is that, as a child becomes older, his or her expenses increase. Rhonda's growing older, with the evidence of an increase in her expenses, coupled with the increase

in Philip's income, is sufficient to establish the need for an increased award of child support. *Goodrich* at 413. The evidence here is sufficient to justify the increase awarded.

The judgment in all respects is affirmed.

All concur.