**Mark Edward BURDEN, Petitioner–Appellant,**

**v.**

**Marcia Gale BURDEN and State of Missouri Department of Social Services Division of Child Support Enforcement, Defendants–Respondents.**

**No. 16950.**

Missouri Court of Appeals,
Southern District,
Division One.

June 27, 1991.

* All Missouri statutory references are to RSMo   1986.

Peggy S. Hedrick, Springfield, for petitioner-appellant.

Janet Garrett, Springfield, for defendants-respondents.

PREWITT, Judge.

The marriage of the parties was dissolved on March 4, 1986. Joint legal custody was decreed for the three children of the marriage, Jackie, born December 22, 1973, Cherie, born October 13, 1979, and Jamie, born September 29, 1982. Respondent was the "primary physical custodian".

Appellant sought modification of the decree by a motion filed on March 3, 1989. Following a hearing the trial court made certain findings and entered judgment on April 4, 1990, generally denying the motion.

By the second amended motion on which the matter was tried, appellant sought custody of the children, relief from an administrative order under § 454.500.4, RSMo Supp.1989 (since amended, see RSMo Supp. 1990), reduction of child support, and if custody was denied "determination as to terms and conditions of visitation" and attorneys fees.[1]

■ On appeal appellant presents six points relied on containing 22 subpoints. They generally seek the same relief sought in the trial court although not always on the same theory. For example, attorneys fees are now sought under § 452.375.5, RSMo Supp.1990. That was not a basis urged in the trial court. This court reviews a case only upon the theory tried. *In re Marriage of Hunter,* 614 S.W.2d 277, 278 (Mo.App.1981).

■ Review in this nonjury case is under Rule 73.01(c). As that rule is interpreted, this court is to sustain the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Thomas v. Depaoli,* 778 S.W.2d 745, 747 (Mo.App.1989). Due regard is given to the opportunity of the trial judge to determine the credibility of witnesses. Rule 73.-01(c)(2). The trial judge can disbelieve testimony even when uncontradicted. *Robinson v. Estate of Robinson,* 768 S.W.2d 676, 677 (Mo.App.1989).

■ The trial judge has considerable discretion in making custody orders and this court should not disturb the trial court's findings unless it is manifestly erroneous and the welfare of the child requires some other disposition. *In re Marriage of Goostree,* 790 S.W.2d 266, 267 (Mo.App.1990).

Under § 452.410, RSMo 1986 (since amended, see RSMo Supp.1990), the trial court is not to modify a prior custody decree unless it finds "upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child."

■ To prevail on a motion to modify custody, the moving party must show a change of circumstances of the child or of the custodial parent, not the non-custodial parent, which is significant, directly affecting the welfare of the child. *In re Marriage of Carter,* 794 S.W.2d 321, 324 (Mo. App.1990). Once custody is adjudicated, the presumption is the custodial parent remains suitable and the burden of showing circumstances which warrant a change of custody is on the moving party. *In re Marriage of D.L.(B.)M.,* 783 S.W.2d 473, 474 (Mo.App.1990).

■ A child should not be shifted periodically from one home to another unless it is demonstrated by a preponderance of the evidence that the continued well-being of the child requires a change. *Carter,* 794 S.W.2d at 324. Even though there may be some showing of a change in circumstances, the change must be significant before the custody decree should be modified. *D.L.(B.)M.,* 783 S.W.2d at 474–475.

■ Based on our limited review we cannot say the trial court abused its discretion in leaving the children in the primary physical custody of respondent Marcia Gale Burden. The determinations by the trial court

---

**1.** The state of Missouri was apparently made a party because relief was initially sought from an "administrative order" under § 454.500.4, RSMo Supp.1988 (since amended, see RSMo Supp. 1990). Section 452.370.4, RSMo Supp.1987 (since amended, see § 452.370.5, RSMo Supp. 1990), provides that "wherein a parent has made an assignment of support rights to the division of family services on behalf of the state as a condition of eligibility for benefits under the aid to families with dependent children program and either party initiates a motion to modify the support obligation by reducing it, the state of Missouri shall be named as a party to the motion."

and its judgment were supported by substantial evidence, not against the weight of the evidence and no error of law appears. An opinion on custody and support of the children would have no precedential value and merely lengthen this opinion. In keeping with the spirit of Rule 84.16(b), appellant's contentions on that and related matters, except as more specifically referred to hereafter, are denied without discussion.

Appellant complains about the state's involvement. As mentioned in footnote 1 appellant made the state a party as he was required to do by statute. Obviously, if the state is to be a party the legislature contemplated that it would participate. Whether it should is not for us to determine, but for the legislature. We move on to other contentions of appellant.

■ Section 452.400.1, RSMo Supp.1989 provides:

A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical health or impair his emotional development. The court shall define the noncustodial parent's visitation periods in detail at the request of either party.[2]

In Appellant's points on appeal, failure to detail the visitation with Jackie is raised. The trial court left it to the agreement of "the parties". Appellant contends that he would not receive any visitation with Jackie because the parties cannot agree.

In his second amended motion for modification of the dissolution decree, appellant added a request that if he was not awarded child custody that the trial court "make a determination as to terms and conditions of visitation". The caption of the motion included that the relief wanted was "Determination of Visitation". In oral argument appellant's attorney admitted this was not a request that the court define the appellant's visitation periods in detail. The decree dissolving the marriage, by reference to a "Property Settlement Agreement", detailed visitation.

Following a statement of "specific visitation" as to the other two children, the judgment here recited: "This provision shall not apply to Jackie. Specific visitation with Jackie shall be reasonable as agreed to by the parties." By after-trial motion, appellant asked the court to reconsider its judgment "and further define the visitation rights as to Jackie in detail pursuant to RSMo 452.400.1". In denying the motion the trial court noted the request to define visitation in detail was not made before judgment.

The relief sought as to determination of visitation was not clarified before or during trial. Visitation was determined, although not in detail. Doing it in detail was not requested until after judgment. We will not find the trial court erred in failing to define visitation in detail under § 452.400.1 unless it is requested before judgment. Appellant's contention is denied.

■ Appellant contends the trial court erred in awarding respondent Marcia Gale Burden $500 in attorneys fees as the evidence on them was insufficient.[3] In a dissolution action, the trial court has broad discretion in awarding or denying attorneys fees and the award will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Podrecca v. Podrecca*, 794 S.W.2d 329, 332 (Mo.App. 1990); *Lee v. Lee*, 782 S.W.2d 112, 116 (Mo.App.1989).

■ Marcia Gale Burden was represented by Janet Garrett, who also represented the state. There was testimony from respondent Marcia Gale Burden that she was obligated for $500 to attorney Garrett for handling the custody issues. *Ehlert v. Ward*, 588 S.W.2d 500, 504–505 (Mo. banc 1979), concluded:

---

2. The last sentence was added by 1989 Mo. Laws 1034.

3. Appellant also contends that as respondent's attorney "was paid by the state ... requiring movant to pay her again would be double payment for the same services." This appears contrary to appellant's position at trial as there his counsel stated that she was "certainly not suggesting that Ms. Garrett is double-dipping or anything to those effects."

Because appellant has not paid or become obligated to pay attorney fees to the Legal Aid of Western Missouri, an award of attorney fees to her is not required to make her whole. An award to her would impose a penalty on respondent so that she might receive an unjust enrichment.

588 S.W.2d at 505. This case is not relevant as here there was evidence that Marcia Gale Burden was obligated to pay an attorneys fee.[4] There was no evidence as to the reasonableness of the fee, but the trial judge is an expert on the costs of attorneys fees and has wide latitude in determining them. *Mills v. Mills*, 663 S.W.2d 369, 374 (Mo.App.1983). As an expert the court that tries a case may fix attorneys fees without the aid of evidence. *Nelson v. Hotchkiss*, 601 S.W.2d 14, 21 (Mo. banc 1980).

▮▮▮▮ The setting of attorney fees should not be reversed, unless the amount awarded is arbitrarily arrived at or so unreasonable as to indicate indifference and lack of proper judicial consideration. *Brown v. Brown*, 495 S.W.2d 89, 92 (Mo. App.1973). As such a ruling is discretionary, it is presumed to be correct and the burden rests on the complaining party to prove otherwise. *Id.* There was no abuse of discretion in awarding attorney fees.

Appellant goes outside the record by an affidavit attached to his reply brief, contending that facts have arisen since the appeal regarding custody of the children. His remedy is not to raise those matters here, but if they form a basis for modifying the trial court's previous order, by a motion to modify with the trial court.

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.

---

4. *In re Marriage of Gaddis*, 632 S.W.2d 326, 328–329 (Mo.App.1982), indicates that a Legal Aid attorney, for the benefit of Legal Aid, could be awarded an attorneys fee.