**Michael MABON, Appellant,**

v.

**Lachelle J. MABON, Respondent.**

**No. WD 45487.**

Missouri Court of Appeals, Western District.

July 21, 1992.

Jacqueline A. Sommer, Raytown, for appellant.

John E. Chick, Jr., Kansas City, for respondent.

Before SHANGLER, P.J., and KENNEDY and SMART, JJ.

PER CURIAM.

Michael Mabon appeals from a decree of dissolution which awarded Lachelle Mabon the right to reside rent-free in a house that was Michael's non-marital property. Michael contends that such an arrangement grants Lachelle a legal interest in property which should have been set aside unencumbered to him.

The judgment is affirmed in part, reversed in part, and remanded.

Michael and Lachelle were married on December 13, 1980, and separated in October of 1988. Their marriage produced one daughter, Tionna LaChelle Mabon, who was born on September 14, 1979. On April 18, 1989, Michael filed a petition for dissolution of marriage, and Lachelle responded with a cross-petition for dissolution. Subsequently, Michael's pleadings were stricken by the trial court as a sanction for his failure to comply with a discovery order.

At trial, Michael was not allowed to pursue any form of relief based on his pleadings, but he was allowed to present evidence in response to Lachelle's case. At trial, Lachelle testified that, after her marriage to Michael, his mother gave him a residence at 3621 Monroe as a gift. Lachelle acknowledged that the residence was in Michael's name alone.

Lachelle submitted an income and expense statement which indicated that she earned $1,088.00 per month as an entry verification clerk for Payless Cashways. Michael submitted an income and expense statement which indicated that he earned $2,731.68 per month as a maintenance worker for General Motors.

Following the trial, the trial court held that the property at 3621 Monroe was Michael's non-marital property. However, the trial court also granted Lachelle the right to live in the residence, rent-free, until Tionna became emancipated. The trial court also ordered Michael to pay $2,000.00 towards Lachelle's attorney's fees.

In addition, the trial court ordered Michael to pay $400.00 per month in child support. In its decree, the trial court noted that this amount differed from the guidelines, but stated that the amount was based upon the child's attendance at private school, as well as the opportunity for Lachelle and Tionna to live at 3621 Monroe. No maintenance was awarded to Lachelle.

As his first point on appeal, Michael claims that the trial court erred by awarding Lachelle the right to live rent-free in the residence at 3621 Monroe. Michael argues that the trial court's action essentially gave Lachelle a legal interest in the property, and that the trial court had no authority to divide his non-marital property between the parties.

■ Section 452.330.1, RSMo Supp. 1989 requires the trial court in a dissolution action to "set apart to each spouse his non-marital property." Consequently, the trial court, acting on its own, does not have the authority to divide non-marital property. *In re Marriage of Kohler*, 778 S.W.2d 19, 21 (Mo.App.1989); *In re Marriage of*

*Schulz*, 583 S.W.2d 735, 742 (Mo.App.1979). A trial court commits a *prima facie* error when it awards a spouse a partial interest in the other spouse's non-marital property. *McKenna v. McKenna*, 607 S.W.2d 464, 466 (Mo.App.1980).

■ In reviewing a court-tried dissolution case, we will affirm the trial court's decree unless no substantial evidence supports it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Degerinis v. Degerinis*, 724 S.W.2d 717, 719 (Mo.App. 1987). Although the trial court is vested with broad discretion in dividing the marital property, *Hogan v. Hogan*, 796 S.W.2d 400, 408 (Mo.App.1990), we reverse the trial court's decision because it erroneously applied the law by awarding Lachelle a partial interest in Michael's non-marital property.

As his second point on appeal, Michael claims that the trial court erred by ordering him to pay $2,000.00 of Lachelle's attorney's fees. Michael contends that there was no evidence presented of Lachelle's inability to pay her own attorney's fees.

■ However, the inability of a spouse to pay attorney's fees is not a requirement for the awarding of such fees. *Lee v. Lee*, 782 S.W.2d 112, 116 (Mo.App.1989). A husband may properly be ordered to pay his wife's attorney's fees where he has a higher income or greater earning potential than his wife, and where the husband's conduct caused an increased amount of attorney's fees. *In re Marriage of Clark*, 801 S.W.2d 496, 500–501 (Mo.App.1990); *Steffens v. Steffens*, 773 S.W.2d 875, 878 (Mo.App. 1989). In the case at bar, Michael's income was considerably more than Lachelle's, and the trial court could reasonably conclude that Michael's abuse of the discovery process increased Lachelle's attorney's fees.

■ The trial court has broad discretion in awarding attorney's fees, and an award of attorney's fees will be disturbed on appeal only upon a showing that the trial judge abused that discretion. *Lee v. Lee*,

*supra,* at 116. We find no abuse of discretion in the case at bar. Michael's second point is denied.

When an appellate court changes the disposition of property, it is often necessary to reverse and remand for the trial court to reconsider other portions of the decree in light of that change. *Lynch v. Lynch,* 665 S.W.2d 20, 24 (Mo.App.1983). In the case at bar, the trial court's allocation of marital property, maintenance, and child support was based, in part, upon the assumption that Lachelle and Tionna would be living rent-free in the residence at 3621 Monroe. For example, the amount of the child support award was explicitly based upon such an arrangement. Accordingly, the judgment is reversed in part, and the cause is remanded to the trial court to reconsider other portions of the decree, including the taking of new evidence if necessary.

All concur.