Wanda Faye (Coles) WYRICK,
Appellant,

v.

Troyce Edwin COLES, Respondent.

No. WD 45161.

Missouri Court of Appeals,
Western District.

Aug. 11, 1992.

Gary Vance Cover, Clinton, for appellant.

W. Douglas Thomson, Lobertu, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

HANNA, Presiding Judge.

The trial court emancipated the child of the appellant (mother) and her former husband, the respondent (father), and required the mother to return to the father all child support monies she received after their child became emancipated.

Troyce Coles and Wanda (Coles) Wyrick were divorced in Clay County Circuit Court in December 1982. The mother was the custodial parent of the three children born of their marriage and the father was ordered to pay child support. The December 1982 decree ordered the support to continue "... until said children reach their majority and are no longer dependent children...."

In the year following the dissolution, the trial court ordered the eldest son emancipated and set a new monthly support payment for the two remaining children. In January 1987, the father again sought a modification with the result that the middle child was declared emancipated. The remaining child was granted support from the father in the amount of $300.00 per month.

The evidence of the issue of emancipation, considered in the light most favorable to the trial court's decision, was as follows. Kerry, the youngest child, was eighteen years of age when he graduated from high school in May 1988. After graduation from high school, he did not continue on to college or any other post-high school educational program. In October 1988, Kerry began working full-time and continued to do so except for the time missed due to injuries sustained in an automobile accident. Kerry continued paying his own expenses during the time he was off work. He lived in his mother's home until December 1989, but paid his own expenses, including rent. The father continued his support payments of $300.00 per month to the mother until October 1990. It was at this point that Kerry moved in with his father and the father filed his motion to terminate

child support claiming Kerry was emancipated.

The trial court found that Kerry was emancipated as of October 1, 1988, and that the father had paid $7,500 to the mother from the date of emancipation until he terminated the support payments October 1990. The court ordered the mother to repay the father $7,500 for support payments made after Kerry's emancipation, plus attorney's fees.

The mother argues that the facts do not support emancipation but, if they did, the trial court erred by failing to apply the amended statutes, §§ 452.340.3[1] and 452.-370.4, in conjunction with the previous common law and the language of the divorce decree that support was to continue "until said children reach their majority and are no longer dependent children." The mother contends this part of the decree is what § 452.370.4 contemplates when it says that support will terminate "[u]nless ... expressly provided in the decree." On the other hand, the father argues that the facts, considered in the light most favorable to the trial court's judgment, prove Kerry was emancipated as of October 1988. The father suggests that because the mother failed in her statutory duty to notify him of the child's emancipation, she owes him the child support paid by him following the date of emancipation.

■ The review of a trial court's granting of a modification to a divorce decree must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence or it erroneously defines or applies the law. *Davis v. Helton*, 796 S.W.2d 409, 411 (Mo.App.1990). *See also Campbell v. Campbell*, 825 S.W.2d 319, 321 (Mo.App.1992).

■ In 1982 the age of emancipation was 21, but the 1988 amendment to § 452.340 changed that watershed mark to 18 years. At the time of the effective date to the amendment, August 1, 1988, Kerry was already 18 years of age. The statute provides that if the child is enrolled in an institution of higher learning, the parental support obligation is to continue until age 22 or until the education is completed, whichever is earlier. § 452.340.5. The following October[2], after graduation from high school, Kerry was not enrolled in an institution of higher education. Under the direction of § 452.340, as of October 1, 1988, there was substantial evidence that Kerry was emancipated.

The mother next contends the 1982 decree was an express decretal provision precluding the termination of support at age 18. The dissolution of marriage decree provided for support "... until said children reach their majority and are no longer dependent children...." The issue has been addressed by this court in *Kocherov v. Kocherov*, 775 S.W.2d 539 (Mo.App. 1989). In *Kocherov*, the father agreed to provide support until the child reached age 21, was emancipated, or upon further order of the court, whichever should occur first. *Id.* at 540. That agreement was incorporated into the decree of child support entered before the 1988 change of the law. In August of 1988, the Kocherov child was 19 years old. This court held that the new law was a "change in circumstance" to allow modification of the support agreement and that the father did not agree to pay for anything beyond what the law required as the law may be subsequently modified. *Id.* at 541–542. Specifically, the mother's claim that the support agreement vested her with the right to receive child support until the child reached the age of 21 was denied because the statute provided that the obligation to pay child support ended at the age of 18. *Id.* at 543.

Subsequent to *Kocherov*, this court decided *Davis*, 796 S.W.2d 409. *Davis* involved the other end of the spectrum, extending support payments beyond the age that the agreement provided for, due to the change in the law. The support provision

---

1. All statutory references are to the Revised Statutes of Missouri (1986), unless otherwise indicated.

2. Section 452.340.5 sets October 1 following graduation from secondary school as the cut-off date to be enrolled in a vocational or higher education program.

provided for termination upon the child's 21st birthday. Because the child was a full-time student at the University of Missouri, Columbia, the 1988 change in the law provided for support payments to continue until age 22. *See* § 452.340.5. This court extended the support payments past the age of 21 stating that "modification is necessary when the support provisions conflict with the law." *Davis*, 796 S.W.2d at 411.

To the extent that the amended statute differs from the court decree, it modifies the court order. The statute was a change of circumstances that terminated support at age 18.

▮ Once it has been established that Kerry was legally emancipated, the law requires the custodial parent to notify the non-custodial parent of that fact or suffer the consequences of paying back all support received after emancipation. § 452.-370.4. The statute in relevant part, reads:

"... The custodial parent shall have the duty to notify the noncustodial parent of the child's emancipation and failing to do so the custodial parent shall be liable to the noncustodial parent for child support paid to the custodial parent following emancipation of a minor child."

In this case there was no notice that Kerry may have been emancipated. In fact, there was evidence on which the trial court could rely, claiming that the mother misled the father to believe Kerry was going to college. The father called to advise that the dental insurance he was carrying would not continue past age 18 if Kerry did not go to college. The mother's reply was that the situation presented no problem, leading the father to conclude Kerry was continuing his education.

The use of the word "shall" in § 452.-370.4[3] eliminates any consideration that the notification is anything but mandatory. *Blackman v. Blackman*, 767 S.W.2d 54, 61 (Mo.App.1989). The statute now places a duty on the custodial parent to inform the non-custodial parent when a child may be emancipated. *Id.* Because the mother failed to give the required notice, she is responsible for child support paid subsequent to the actual date of emancipation as found by the trial court.

Judgment Affirmed.

All concur.

---

**3.** An amendment to § 452.370 in 1990 changed subparagraph 3 to subparagraph 4.