Daniel P. Card II, David B. Lacks, St. Louis, for respondent.

**Michelle L. McMANN, Respondent,**

v.

**Donald G. McMANN, Appellant.**

**No. 61165.**

Missouri Court of Appeals, Eastern District, Division One.

Jan. 19, 1993.

CRIST, Judge.

Donald G. McMann, Husband, appeals from the decree of dissolution from Michelle L. McMann, Wife. Husband raises two points on appeal: (1) the trial court erred in its division of the marital property; and (2) the trial court abused its discretion in awarding attorney's fees to Wife. We affirm.

The trial court's decree will be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Rule 73.01(c)(2) also

provides "due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses."

Husband and Wife were married on September 1, 1972. They separated on or about May 20, 1988. No children were born of the marriage. Wife testified she was the victim of ongoing physical abuse throughout the marriage. Evidence was also presented from her psychiatrist that Wife had discussed Husband's physical abuse. Wife's psychiatrist further asserted that Wife suffered from depression that was debilitating and she would currently be unable to work full time.

During the marriage, Husband worked full time and Wife worked several different part-time and full-time positions. Husband's wages have been as follows: 1987—$90,111; 1988—$99,638; 1989—$107,945; and 1990—$133,018. Wife's wages for 1989 were $9,568.50 and for 1990 were $14,521.00. Since 1990, Husband has resided in Hawaii after being transferred there on a temporary basis. He receives an allowance from his company to compensate him for the higher cost of living in Hawaii. Husband currently lives with his girlfriend.

Husband's first point on appeal is the trial court abused its discretion in dividing the marital property. Husband argues the division is so unequal as to be unjust. The trial court divided and valued the marital property as follows:

| Husband | |
|---|---|
| Maritz stock—9,720 shares (net value less taxes) | $114,299.60 |
| First Hawaii Bank | 436.00 |
| Commerce Bank | 266.00 |
| Household Goods | 3,600.00 |
| Legends membership | 2,500.00 |
| Ron Martin—note due | 4,500.00 |
| | $125,601.60 |

| Wife | |
|---|---|
| Marital home (net value) | $124,000.00 |
| 1988 Honda Accord (net value) | 5,435.00 |
| Commerce Bank | unknown |
| Colonial Bank | 47.00 |
| Household Goods | 41,500.00 |
| 401K Plan | 32,358.00 |
| Life insurance | 4,900.00 |
| Retirement Plan | 297.42 |
| | $208,537.42 |

The total marital assets were $334,139.02, with 63% going to Wife and 37% going to Husband. Wife also received a 50% interest in Husband's pension plan through Maritz, which will be approximately $1,260 per month, or approximately $400 per month after adjustments for the age difference between Husband and Wife and commencing payment early. Wife was required to assume the indebtedness on the marital home of approximately $150,000 and the debt owed on the 1988 Honda of $3,240. Otherwise, the parties were responsible for their own debts.

Section 452.330.1, RSMo Supp.1992, provides the trial court "shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

(1) The economic circumstances of each spouse at the time the division of property is to become effective ...

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage...."

This statute grants the trial court "great flexibility and far reaching power in dividing the marital property so as to accommodate the needs of the parties upon dissolution and there is no formula respecting the weight to be given the relevant factors which a court may consider." *King v. King,* 762 S.W.2d 544, 547[6] (Mo.App. 1989); *See also, O'Neal v. O'Neal,* 703 S.W.2d 535, 538[5] (Mo.App.1985).

Husband points to three areas in which he believes the trial court abused its discretion: (1) the economic circumstances of the parties; (2) Wife's lack of contribution to acquisition of the marital property; and (3) the trial court granted too much weight to Wife's accusations of spousal abuse. First, Husband argues his economic circumstances are such that the division

is unjust. Husband argues he is 57 years old and may retire soon, while Wife is only 43 years old. Husband also points to the $1,700 maintenance payments he must make, the amount he paid to conform to the pendente lite motion, and the higher cost of living in Hawaii. While his arguments are valid, there is also evidence that Wife's economic circumstances are much worse than those of Husband. Husband has earned nearly $100,000 per year from 1987 to 1990. Wife, on the other hand, earned approximately $10,000 in 1989 and $14,500 in 1990 as a receptionist/clerk. Her psychiatrist also testified she was unable to work full time currently. While the cost of living in Hawaii is extremely high, Husband receives a cost of living allowance. Furthermore, he anticipates only being in Hawaii for three years and then returning to St. Louis.

Second, Husband argues Wife made little or no contribution to acquisition of the marital assets. However, Wife did work at several positions throughout the marriage. Her lack of education and expertise prevented her from earning huge salaries. Several significant periods of medical problems also prevented her from working full time. These problems do not detract from Wife's contributions. Even if Wife's contribution was much lower than that of Husband, the trial court's division of the marital assets could be supported by Wife's testimony concerning ongoing spousal abuse of Husband. While Husband denied it, credibility of the witnesses is for the determination of the trial court. Rule 73.-01(c)(2). There was also evidence of Husband currently living with a girlfriend and some question of whether Husband was channelling marital funds through her. The trial court could have relied upon this evidence in dividing the marital property unequally. A just division is not necessarily an equal division. *Hayes v. Hayes,* 792 S.W.2d 428, 431[1] (Mo.App.1990). Further, our courts have upheld divisions of 80% to 20%. *See, W.E.F. v. C.J.F.,* 793 S.W.2d 446 (Mo.App.1990); *Mika v. Mika,* 728 S.W.2d 280 (Mo.App.1987); and *Cole v. Cole,* 633 S.W.2d 263 (Mo.App.1982). Point denied.

 Husband also alleges the trial court should not have awarded Wife attorney's fees in the amount of $12,239. The trial court has a great deal of discretion in awarding attorney's fees. *Burden v. Burden,* 811 S.W.2d 818, 821[11] (Mo.App. 1991). The facts as discussed above will also support an award of attorney's fees. Further, said fees are not unreasonable. The amount of time expended (approximately 150 hours) and hourly rates are reasonable. We find no abuse of discretion. *See Burden,* 811 S.W.2d at 822[13, 14]. Point denied.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.