**Louaine M. PASLEY, Respondent,**

v.

**James E. PATTON, Appellant.**

**No. WD 46405.**

Missouri Court of Appeals,
Western District.

May 4, 1993.

Rehearing Denied June 29, 1993.

Christopher J. Jordan, Jefferson City, for appellant.

Terri Gonder, Columbia, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

SPINDEN, Judge.

James E. Patton appeals the trial court's refusal to relieve him of an obligation to pay child support for his son, Jason T. Patton. He contends that the trial court should have concluded from § 452.340, RSMo Supp.1989, that Jason is emancipated. He also argues that the trial court erroneously ordered him to pay his ex-wife's attorney fees and wrongfully denied his request that the court order his ex-wife

to pay his attorney fees.[1]  We reverse the trial court's judgment concerning Jason's emancipation, but we affirm the court's order concerning attorney fees.

Patton and his ex-wife, Louaine M. Pasley, divorced on May 4, 1987.  The court awarded Pasley custody of Jason, and it ordered Patton to pay $400 per month in child support until Jason was 21 years old or until he became emancipated.

Jason was 18 at the time of trial.  He was graduated from Rock Bridge High School in Columbia in June 1989.  He enlisted in the Missouri Army National Guard, and, on June 24, 1989, he reported for three month's basic training at Fort Sill, Oklahoma.

Jason returned to Columbia after basic training on September 26, 1989.  His military commitment then entailed active duty for one weekend each month and for two weeks each year for six years.  He was subject, however, to active duty upon command.  Jason earned $140 per month for serving in the National Guard.

Jason had decided before leaving for basic training that he wanted to go to college, but he did not know which one.  He did not enroll prior to basic training.  After he returned to Columbia, he registered at Columbia College on October 23, 1989.  He enrolled in six hours of night classes, a full load, because it was too late to enroll in day classes.  The next semester, he transferred to full-time day classes at Columbia and later transferred to the University of Missouri–Columbia, where he was enrolled at the time of trial.

▮▮▮ Patton appeals the trial court's determination that Jason was not emancipated.  He contends that Jason became emancipated when he entered the National Guard or—as mandated by § 452.340—when he failed to enroll in college by October 1, 1989.[2]  The law in effect at the time Jason enrolled in college was § 452.340.5, RSMo Supp.1989, which stated:

> If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs.

The trial court, however, erroneously applied the 1990 amendment of § 452.340.5 to Jason's case.  That amendment allows the court to waive the October 1 enrollment deadline: "If the circumstances of the child manifestly dictate, the court may waive the October first deadline for enrollment required by this subsection."  Section 452.-340.5, RSMo Cum.Supp.1992.  The 1989 version, however, did not grant the courts any discretion to waive the October 1 deadline.

"Our duty is to construe and apply the law as written by the Legislature."  *Kavanagh v. Dyer O'Hare Hauling Company*, 189 S.W.2d 157, 160 (Mo.App.1945).  The 1989 law is the law applicable to this case, and it made no provision for the trial court's considering Jason's intentions or the surrounding circumstances.  Because Jason failed to enroll in college by October 1, 1989, as required by the statute, Jason became emancipated as a matter of law.

---

1. In his brief's jurisdictional statement, Patton says that the trial court erred in "failing to terminate child support [and] failing to award [Patton] reimbursement for child support collected by [Pasley] after emancipation[.]"  He did not repeat these allegations in his points relied on.  We address only those errors alleged in the points relied on.  *Berger v. Huser*, 498 S.W.2d 536 (Mo.1973); *In re Marriage of Riley*, 817 S.W.2d 644 (Mo.App.1991).

2. The parties dispute whether the 1989 or 1990 version of § 452.340 is applicable to this case.

We look to the law in effect at the time of the claimed emancipation.  *Wyrick v. Coles*, 834 S.W.2d 910, 912 (Mo.App.1992).  Pasley relies on *McIlroy v. Simmons*, 832 S.W.2d 949 (Mo.App.1992), in which the court applied the 1990 version of § 452.340 although the 1989 version was the applicable law at the time of the claimed emancipation.  Neither the *McIlroy* court nor the parties questioned which version of § 452.340 to apply to the case; hence, it is not instructive concerning this issue.

■ Pasley argues that because the parties and the trial court mistakenly believed that the 1990 version was the applicable law, Patton should not be heard to complain about the matter on appeal. Pasley asks us to apply the proposition that a party cannot complain of alleged error in which he joined or acquiesced. *Hilton v. Crouch*, 627 S.W.2d 99, 102 (Mo.App.1982). We do not believe this proposition applies.

We will uphold a trial court's judgment unless it is not supported by substantial evidence, or it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We are not bound in our review to the "law" as the parties view it, but we must declare and apply the appropriate law—in this case, the 1989 version of § 452.340. Because we conclude that Jason was emancipated because of his failure to enroll in college by October 1, we need not determine whether he was emancipated pursuant to § 452.340.-3(3), RSMo Supp.1988, by virtue of his joining the National Guard.

■ Patton also raised—we suppose in anticipation of what Pasley would argue—the issue of whether the separation agreement's terms incorporated into the decree of dissolution caused Patton to remain obligated to pay child support notwithstanding Jason's emancipation. The parties agree that the trial court did not address this issue. An issue not presented to or expressly decided by the trial court is not preserved for appellate review, and we will not convict the trial court of error on an issue which was not put before it to decide. *ASARCO, Inc., v. McNeill*, 750 S.W.2d 122, 129 (Mo.App.1988).

■ Patton also complains about the trial court's ordering him to pay Pasley's attorney fees. The trial court entered the order without referring to any statutory authority. Patton assumes that the court acted pursuant to § 452.355.2, RSMo Cum. Supp.1992, which provides:

> In any proceeding in which the nonpayment of child support is an issue under the provisions of a temporary or permanent court order or decree, if the court

finds that the obligor has failed, without good cause, to comply with such order or decree to pay the child support, the court shall order the obligor to pay a reasonable amount for the cost of the suit to the obligee, including sums for legal services.

Patton argues that he had quit paying child support for good cause, as we affirm; therefore, an award of attorney's fees pursuant to § 452.355.2 was inappropriate.

■ The trial court, however, could have awarded Pasley attorney's fees pursuant to § 452.355.1, which provides:

> The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

■ Moreover, we should not reverse an award of attorney's fees "unless the amount awarded is arbitrarily arrived at or so unreasonable as to indicate indifference and lack of proper judicial consideration." *Burden v. Burden*, 811 S.W.2d 818, 822 (Mo.App.1991). We presume the award to be correct, and the burden rests on Patton to prove otherwise. *Id.*

Patton worked part-time and received military retirement. Pasley was unemployed. The parties' financial ability to pay attorney's fees is an appropriate factor for the court to consider. Patton does not assert any other factors the trial court failed to consider in making the award; hence, we find that the trial court did not abuse its discretion in awarding attorney's fees to Pasley. *See Titze v. Cunningham*, 661 S.W.2d 623 (Mo.App.1983).

■ Patton contends that he is entitled to attorney's fees because Pasley erroneously issued a writ of sequestration and she failed to notify him of Jason's emancipation as required by § 452.370.4, RSMo Supp.1992. Although a party's conduct is

a factor in determining whether to award attorney's fees, *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 655 (Mo. banc 1989), very unusual circumstances must exist for the court to deviate from the rule that each party bears its own costs of litigation. *Lyles v. Lyles*, 710 S.W.2d 440, 444 (Mo. App.1986). Patton did not demonstrate such circumstances in this case. The record does not demonstrate that Pasley issued the writ of sequestration in bad faith, it merely indicates that she erroneously issued it. Patton fails to meet his burden of showing the trial court abused its discretion in not awarding him attorney's fees.

Patton also contends that he should be awarded attorney's fees because § 452.-370.4 required Pasley to notify him of Jason's emancipation and repay all child support received after emancipation. Pasley's apparent violation of § 452.370.4 does not mean that Patton is entitled to attorney's fees. Pasley did not consider Jason emancipated; nor did the trial court. We find no evidence that Pasley acted vindictively or in bad faith. We conclude that Patton failed to establish that the trial court abused its discretion in denying him attorney's fees.

We, therefore, reverse the trial court's determination that Jason was not emancipated and remand this case to the circuit court with directions to enter judgment finding that Jason was emancipated. We affirm the trial court's award of attorney's fees to Pasley and denial of attorney's fees to Patton.

All concur.