Catherine C. PEASE, Appellant,

v.

Mark Turner PEASE, Respondent.

No. WD 48366.

Missouri Court of Appeals,
Western District.

June 14, 1994.

Carlyle L. Foley, Carlyle Foley, P.C., Columbia, for appellant.

Mark T. Pease, pro se.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

SMART, Presiding Judge.

This case involves an appeal from a dissolution decree which omitted a provision for medical insurance coverage for the minor children. Catherine C. Pease appeals from the trial court's order.

Judgment is reversed and remanded.

Mark Turner Pease ("Husband") and Catherine C. Pease ("Wife") were divorced on August 3, 1993. The trial court awarded custody of the two minor children to Wife. Husband was ordered to pay $540.00 per month to Wife for child support. The trial court omitted any provision in the dissolution decree regarding a health benefit plan for the minor children. Evidence was presented by both parties concerning health insurance available through Husband's employment. Husband testified specifically that the children were currently covered under his insurance and that he would continue to provide coverage for the children under his insurance plan through his employment. The decree made no provision for the continuation of coverage for the children.

After the decree of dissolution was entered, Wife filed a motion to reopen and correct the judgment as to the insurance issue. The motion was denied without an opportunity to be heard or to present evidence. Wife appeals from the trial court's order.

Wife claims that the trial court erred in failing to require either party to provide a health benefit plan for the minor children because § 454.600 *et seq.*, RSMo 1993 requires the trial court to make a finding as to the availability of a plan and assign responsibility to one of the parties to maintain such a plan for the children's benefit.

■■■ Wife is correct in her contention that § 454.600 *et seq.* requires the trial court to make a finding as to the availability of a plan and assign responsibility to one of the parties to maintain a health benefit plan for the children's insurance coverage. The pertinent portions of § 454.603, entitled "Health benefit plan may be required—terms—order of coverage—liability for expenses not covered—abatement, termination of coverage," provides:

1. At any state [sic] of a proceeding in which the circuit court or the division has

jurisdiction to establish or modify an order for child support, including but not limited to actions brought pursuant to this chapter, chapters 210, 211, and 452, RSMo, the court or the division shall determine whether to require a parent to provide medical care for the child through a health benefit plan.

2. With or without the agreement of the parents, the court or the division may require that a child be covered under a health benefit plan. *Such a requirement shall be imposed whenever a health benefit plan is available at reasonable cost through a parent's employer or union.*

(Emphasis added).

In this case, Husband testified that not only were the minor children currently covered under his health benefit plan through his employment, but also that he intended to continue to provide health benefit coverage for the minor children through the plan. There was evidence establishing that a health benefit plan was available at reasonable cost through Husband's employer. The statute, in such a case, leaves no discretion with the trial court. Therefore, in accordance with § 454.603.2, the trial court, in its decree, should have specifically required that Husband provide coverage for the minor children under his health benefit plan provided by his employer. Thus, the trial court erred in omitting a provision on insurance coverage for the children in the order. The cause is reversed and remanded to the trial court. If the trial court finds that the health benefit plan is available at reasonable cost through Husband's employer or union, the trial court shall order Husband to provide a health benefit plan for the minor children.

Judgment is reversed and remanded.

All concur.