Linda Lee SCHOTTEL–LEHDE, Appellant–Respondent,

v.

Lloyd Gene SCHOTTEL, Respondent–Appellant.

Nos. WD 58973, WD 59764.

Missouri Court of Appeals, Western District.

May 21, 2002.

Patrick M. Davis, Esq., Kansas City, for Appellant-Respondent.

E. Whitsitt, Esq., Westwood, KS, for Respondent-Appellant.

Before SMART, P.J., LOWENSTEIN and ELLIS, JJ.

HAROLD L. LOWENSTEIN, Judge.

Appellant, Linda Lee Schottel–Lehde (Mother), appeals from a judgment modifying child support. The thrust of Mother's appeal is that the trial court erred in failing to enforce a separation agreement provision, incorporated in the dissolution judgment, which she argues extended the obligation of cross-appellant, Lloyd Schottel (Father) to pay child support during up to ten semesters of college, in addition to higher-education expenses. The question hinges on sorting out the difference between the contractual obligation to pay child support and the statutory obligation to pay child support during the children's higher education. In addition to the issue

of support, both Mother and Father appeal the portion of the judgment providing that each party pay their own attorney fees.

## Factual and Procedural History

The parties separated in September of 1991, and in December of 1994, Wife filed a petition for dissolution of marriage. In August of 1995, the parties executed a property settlement and separation agreement (agreement), which was incorporated verbatim into the judgment of dissolution entered on October 4, 1995. The agreement included two separate provisions, one for *child support* and one for *higher-education expenses* for the couple's two children, Matthew Schottel, born September 17, 1976, and Brandi Lee Schottel, born February 18, 1979.

In paragraph five of the agreement, the non-custodial parent, Father, agreed to pay $558 per month in child support for both children collectively, the payments to terminate when the children "(e) Reach age Eighteen (18) or graduate from secondary school, whichever later occurs." In paragraph three (c) of the agreement, Father agreed to pay one-half of the cost of the children to attend college.[1] Both children pursued higher education.

1. "C. *Education:*" Upon the agreement of the parties that the children may attend post-secondary college, university, or vocational/technical school, state or private, Husband shall pay one-half of the cost each year for *each child attending a post-secondary college, university, or vocational/technical school, state or private,* payable at the time such cost is due to the institution the child is attending, and subject to the following limitations:

1) "Cost" shall include tuition, fees, books, dormitory costs for room and board. It does not include room and board while residing with either parent. The children shall attend an agreed upon college/university having a reasonable tuition.

2) The "one-half" husband is to pay shall be the actual costs to the child, i.e. if the child

receives a scholarship or other aid which reduces cost, the "cost" does not include the amount of such scholarship or aid. For this purpose, loans to the student shall not be considered a "scholarship or other aid".

3) The child must carry at least a minimum number of credit hours each semester which, according to the institution the child attends constitutes a full load.

4) The maximum cost which husband shall be responsible for in any given school year will be one-half of the then cost for tuition, fees, books, and dormitory costs for room and board at the University of Missouri at Columbia, regardless of what institution the child attends.

5) *The husband shall not be responsible for paying for more than ten semesters at a college*

Father paid child support for the children up until March 1, 1999. In that same month, Father filed a motion to terminate child support, or, in the alternative, for support to be paid directly to the children. Father filed subsequent amended motions, culminating in a third amended motion filed April 17, 2000.

Father argued that based on the language of the agreement, he no longer had a child support obligation. Both children had attained the age of eighteen, had graduated from secondary school, and were enrolled in college. A question arose, however, whether Father had the obligation to continue to pay child support under § 452.340.5, RSMo 1994, which would extend the obligation beyond the time frame of the agreement. Section 452.340.5, as explained below, requires that child support be paid until the child reaches age twenty-two if enrolled in higher education. Matthew turned twenty-two on September 17, 1998, extinguishing Father's child support obligation under § 452.340.5 and under the written agreement. Brandi, however, would not turn twenty-two until February 18, 2001.

Father argued that pursuant to the agreement and § 452.340.5, the support for both children should terminate, or in the alternative, if his support obligation did not terminate, he should be entitled to pay his support obligation directly to the eligible child. Father also argued that if his support obligation had not ended, the support he was to pay should have been reduced by any amounts he had paid or would pay for the college education of each child.

Although not directly relevant to this appeal, in December of 1999, Mother filed a motion to modify the judgment of dissolution as it pertained to child support alleging continuing and changed circumstances, including: 1) Mother's remarriage to Michael Lehde in October of 1998; 2) the termination of her employment at Thomas McGee & Sons; 3) her relocation to Texas to live with her new husband; 4) her inability to secure comparable employment in Texas; 5) the fact that she had not sought to raise child support since the original order in 1995; and 6) husband's increase of salary since 1995.

A hearing was held on both the motions in June of 2000, and the judgment of modification here under review was issued the next month. The trial court found that: 1) paragraph five of the agreement concerning child support was clear and unambiguous; 2) Father voluntarily made child support payments to Mother through March of 1999, above and beyond any obligation he had under the agreement; 3) under § 452.340.5, Father's obligation for child support for Matthew ended on September 17, 1998, even though under the agreement it had ceased at the end of May of 1995; 4) under the agreement, the support for both children was combined in one lump sum; thus, when Matthew was emancipated September 17, 1998, it became necessary to recalculate and determine the proper amount of child support with respect to Brandi; 5) although the support obligation for Matthew ended September 17, 1998, the support obligation for Brandi could not be determined differently than $558 a month until March 12, 1999; 6) it was proper to adopt the Father's Form 14 showing an obligation to Brandi in child support for $297 per month and that such amount is unjust and inappropriate because she was twenty-one years of age, enrolled in college, did not spend the entire summer in either parent's residence, works during the summer, owns her own vehicle and has substantial savings; 7) the

*or university for each child.* (Emphasis added.)

obligation of Father for child support should be decreased by the amounts by which he has paid college expenses; 8) Father should receive credit for the room and board that he provided Brandi in 1999 and 2000; 9) all future child support payments (which were now only $100 per month until February 18, 2001) would be paid directly to Brandi; 10) since neither party complained to the court about the performance of the other party under the college costs paragraph of the agreement, the court made no findings as to a breach of that portion of the agreement; 11) the motion of Father to terminate child support as to Matthew was granted; and 12) Mother and Father are to pay their own attorney's fees. Mother appeals and Father cross-appeals.

Mother asserts two points on appeal. First, she argues that the trial court erred in its judgment of modification in that it failed to enforce the contractual provisions of the agreement as it pertained to the payment of child support through ten semesters of college for each of the parties' minor children; and second, that the trial court erred in its judgment of modification in that it failed to enforce the contractual provisions of the agreement as it pertained to the payment of attorney's fees and costs. Father argues in his cross-appeal that he should have been awarded attorney's fees considering the financial condition of both parties and that Mother's claims were without merit and frivolous.

## I.

▮ Mother argues first that the trial court erred in its judgment of modification by failing to enforce the contractual provisions of the agreement in which Father agreed to pay child support for each of the parties' children through ten semesters of college and that the failure of the trial court to enforce the contractual provision

of the agreement was not supported by substantial evidence, was against the weight of the evidence and erroneously declared or applied the law.

▮ "The decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or until it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the judgment is wrong." *Id.*

▮ The normal rules of contract construction apply to marital settlement agreements. *Wood v. Wood,* 2 S.W.3d 134, 138 (Mo.App.1999). Generally, the construction of a contract is a question of law. *Id.* "When the language of a provision is in dispute, the court must determine the parties' intent as manifested in the document itself and not by what the parties say they intended." *Daily v. Daily,* 912 S.W.2d 110, 114 (Mo.App.1995). The words of the agreement are given their plain and ordinary meaning. *Id.* "A court will not resort to rules of contract construction to interpret a contract where the contract by its terms is unambiguous." *Id.*

The paragraph of the agreement at issue concerns child support. Paragraph five states, in pertinent part:

> Subject to the further Order of the Court, non-custodial parent shall pay to custodial parent as and for support of the minor children of the parties, the sum of Five Hundred Fifty–Eight and 00/100 ($558.00) Dollars per month, the first payment being due on the 1st day of June, 1995, and on the first day of each consecutive month

thereafter until further order of the Court. All such payments shall be made to the Clerk of the Circuit Court of Clay County, ... and child support payments shall terminate when the children:

a) Die;

b) Marry;

c) Enter Active Duty in the Military;

d) Become self-supporting, provided that the custodial parent has relinquished the child from parental control by express or implied consent;

e) Reach age Eighteen (18) or graduate from secondary school, whichever later occurs.

The trial court found that paragraph five of the agreement was clear and unambiguous. Quite plainly, the agreement as applied to these facts shows that Father's child support obligations terminated when the children turned eighteen years old or graduated high school. However, the language used in the agreement pertaining to child support is in conflict with § 452.340.5, RSMo 1994, which was in effect at the time the agreement was made and incorporated into the judgment of dissolution. Section 452.340.5 provides in pertinent part:

If the child is enrolled in an institution of vocational or higher learning ... so long as the child continues to attend such institution of vocational or higher learning, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs.

As such, Father's support obligation under the statute ended with regard to Matthew at the latest on September 17, 1998. His support obligation as to Brandi, however, would not have ended until February 18, 2001, which was Brandi's twenty-second birthday. If there is a disagreement between a judgment of dissolution and § 452.340.5, the statute will control the judgment "so as to avoid conflict with Missouri law." *Davis v. Helton,* 796 S.W.2d 409, 412 (Mo.App.1990)(although child support obligation contractually ended at child's twenty-first birthday, § 452.340.5, which was enacted after the contract was drawn, required child support until age twenty-two while child was still in higher education), *cited with approval, Lueckenotte v. Lueckenotte,* 34 S.W.3d 387, 397 (Mo. banc 2001).

Because the parties' children are past the age of twenty-two at the time of this appeal, it is unnecessary for this court to remand the case to modify the judgment to reflect the correct child support language. This court will, however, analyze the issue as if the judgment's language reflected that of § 452.340.5, RSMo 1994.

Mother maintains that the obligation of Father for child support for Matthew continued under the agreement until May 13, 2000, when he graduated from college, and that his obligation for child support for Brandi would continue for ten semesters of college. Father, on the other hand, argues that his obligation for child support ended for Matthew at the latest on September 17, 1998, pursuant to § 452.340.5, when he turned twenty-two, and that his obligation for Brandi would ended on February 18, 2001, when she turned twenty-two.

Mother's argument appears to be based upon the portion of the agreement concerning payment of college costs which states, "The husband shall not be responsible for paying more than ten semesters at a college or university for each child." As the trial court noted in its judgment, it was not called upon and did not attempt to enforce or modify the provisions of the

agreement pertaining to the children's education.

Mother apparently confuses Father's obligation to pay child support, which by operation of the prevailing statute, extended until age twenty-two if the children were in college, with Father's obligation to pay half of the children's expenses for higher education. As explained above, the child support obligation continued only until each children reached age twenty-two. The obligation to pay half of the education expenses ended after ten semesters of college. In the judgment, the court indicated that "neither party has made a complaint to the Court about the performance of the other party under the college costs paragraph of the Agreement, ... though it appears to the Court that neither party has properly performed that portion of the Property Settlement and Separation Agreement." This finding was based on each of the children earning scholarships, taking out substantial student loans as well as their own employment. Mother made no complaint about Father's failure to pay higher-education expenses, and because Father's statutory obligation to pay child support extends only until age twenty-two under these facts, Mother's point is without merit.

Therefore, the trial court was correct in finding that Father's child support obligation ended when each child turned twenty-two as reflected in § 452.340.5, RSMo 1994. This point is denied.

## II.

■ Mother argues next that the trial court erred in its judgment of modification by failing to enforce the contractual provisions of the agreement as it pertained to the payment of attorney's fees and costs. Specifically, Mother claims that under the agreement, a party found in default of the agreement is to pay all expenses including reasonable attorney's fees incurred in connection with any enforcement of the proceedings.

Father argues in his cross-appeal that the trial court erred in failing to award him attorney's fees in that Mother's claims were without merit and frivolous, and that considering the financial condition of both parties, he should be awarded attorney's fees.

■ This court reviews the trial court's failure to award attorney's fees for an abuse of discretion. *Crews v. Crews*, 949 S.W.2d 659, 664 (Mo.App.1997). A trial court abuses its discretion when its decision is so " 'clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice.' " *Id.* (citing *Leone v. Leone*, 917 S.W.2d 608, 611 (Mo.App.1996)). "Missouri courts have historically adhered to the 'American rule' that, with certain exceptions, litigants bear the expense of their own attorney fees." *McCreary v. McCreary*, 954 S.W.2d 433, 452 (Mo.App. 1997). Generally, exceptions to this rule fit into one of four categories: "recovery of fees pursuant to contract, recovery provided by statute, recovery as an item of damage to a wronged party involved in collateral litigation, and, occasionally, reimbursement when ordered by a court of equity to balance benefits." Attorney fee provisions in separation agreements fit under the "contract" exception to the "American rule." *Garner v. Hubbs*, 17 S.W.3d 922, 929 (Mo.App.2000). "While '[i]n most circumstances, the trial court is granted broad discretion to award attorney's fees ... if a claim for attorney's fees is made under a provision of the contract, the trial court must comply with the terms set forth therein.' " *Id.* (quoting *Jackson v. Christian Salvesen Holdings, Inc.*, 978 S.W.2d 377, 385 (Mo.App.1998)).

Although the language of the agreement required Father to pay child support only until the children reached age eighteen or finished high school, that agreement ran afoul of § 452.340.5, as explained above.

In March 1999 when Father quit paying child support and filed his motion to terminate support, pursuant to statute, he still owed support to Brandi. Because Father still owed support to Brandi, he was in default under paragraph 25 of the agreement, requiring Mother to file a motion to modify the judgment of dissolution. Father therefore, should have been required to pay Mother's attorney's fees "incurred in connection with such enforcement proceedings." The point by Mother is well taken, and as to Father, his point is denied.

The judgment of the trial court is affirmed but is reversed only as to the issue of reasonable attorney's fees, and is remanded to the trial court for a determination as to the reasonable amount of attorney's fees due Mother from Father. Costs divided equally between the parties.

All concur.