For the reasons set forth in the memorandum provided to the parties, we affirm. Rule 84.16(b).

■

**Christopher R. HILER, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. WD 61115.**

Missouri Court of Appeals, Western District.

Jan. 14, 2003.

Bob J. Hiler, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Tamara Ader, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before PAUL M. SPINDEN, P.J., PATRICIA A. BRECKENRIDGE and THOMAS H. NEWTON, JJ.

#### Order

PER CURIAM.

Mr. Christopher R. Hiler appeals the judgment of the trial court, which suspended his driving privileges pursuant to §§ 302.500—302.541 on the basis that he had been driving while intoxicated.

■

**Amy Colene SMITH, Respondent,**

v.

**John Kevin SMITH, Appellant.**

**No. WD 61154.**

Missouri Court of Appeals, Western District.

Jan. 14, 2003.

Pamela Lambert, Columbia, for Appellant.

Marvin Opie, Versailles, for Respondent.

RONALD R. HOLLIGER, Judge.

John Smith appeals the trial court's judgment ordering him to pay child support in the amount of $715 without considering the cost of the health benefit plan for his children that the trial court ordered him to pay. Although § 454.603.6, RSMo 1993, requires the trial court to consider the cost of the health benefit plan when determining the amount of child support to be paid by the obligor, the appellant presented no evidence to the trial court as to

any cost. The judgment is therefore affirmed.

## FACTS

Amy Smith ("Mother") and John Smith's ("Father") marriage was dissolved on February 8, 2002. Mother was awarded sole physical custody of their two children. Mother and Father share joint legal custody.

The circuit court ordered Father to pay $715 per month for child support. The court adopted the Form 14 submitted by Mother in its judgment determining the Form 14 to be "just and appropriate." The Form 14 adopted by the court indicates that Father has $0.00 in health insurance costs for the children. The parenting plan adopted by the trial court requires Father to maintain health and dental insurance on the children.

Father appeals.

## POINT ON APPEAL

Father raises one point on appeal contending the trial court abused its discretion when it did not include in its calculation of Form 14 child support the health insurance costs for the children that it ordered Father to pay in the parenting plan.

Mother argues the trial court did not abuse its discretion in not including Father's health insurance costs for the children in its Form 14 because there is no showing from the record presented to the Court of Appeals as to evidence presented at trial about any sum for health insurance.

Mother also filed a motion to strike portions of the appellant's (Father's) brief from his statement of facts arguing that portions are not a fair and concise statement of the facts and violate Rule 84.04(c). This motion is taken with the case.

## STANDARD OF REVIEW

The appellate court must affirm the trial court's judgment regarding child support unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *McCandless–Glimcher v. Glimcher*, 73 S.W.3d 68, 72 (Mo.App.2002). In reviewing the record, this Court reviews the evidence in the light most favorable to the trial court's judgment, and defers to the trial court's credibility determinations. *Glimcher*, 73 S.W.3d at 72. Assuming an award of child support is found to be supported by the evidence, an appellate court will interfere with the trial court's award only if the trial court abused its discretion by ordering an amount that is "against the logic of the circumstances" or "arbitrary or unreasonable." *Ricklefs v. Ricklefs*, 39 S.W.3d 865, 869 (Mo.App.2001)(*quoting Gerhard v. Gerhard*, 985 S.W.2d 927, 930 (Mo.App.1999)).

## ANALYSIS

In his sole point on appeal, Father contends the trial court abused its discretion when it failed to include in its Form 14 calculation health insurance costs for the children that the court ordered Father to maintain. Father asks that we remand the case to the trial court instructing the court to include health insurance premiums for the children in calculating support and giving Father credit for the same. Mother contends that because there is nothing in the record of evidence presented at trial about any sum for health insurance, Father's point should be denied. We have not been provided a transcript of the trial but only a legal file. At oral argument both parties stipulated that no evidence of health insurance or its cost was presented to the trial court. Father filed a Form 14 after the court entered its judgment which reflected a cost of insurance. Besides not actually constituting evidence of the cost, Father made no request that the court reopen the evidence or consider a cost for health insurance as part of a post trial motion.

Under § 454.600 *et seq.* RSMo 1993, the trial court is required to make a finding as to availability of an insurance plan and assign responsibility to one of the parties to maintain a health benefit plan for the children's insurance coverage. The pertinent portion in § 454.603 provides:

1. At any state of a proceeding in which the circuit court or the division has jurisdiction to establish or modify an order for child support, including but not limited to actions brought pursuant to this chapter, chapters 210, 211, and 452 RSMo, the court or the division shall determine whether to require a parent to provide medical care for the child through a health benefit plan.

2. With or without the agreement of the parties, the court or the division may require that a child be covered under a health benefit plan. Such a requirement shall be imposed whenever a health benefit plan is available at a reasonable cost through a parent's employer or union.

*See also Nichols v. Beran*, 980 S.W.2d 342, 350 (Mo.App.1998) (holding trial court is required to order that a parent provide a child with coverage where there is evidence that parent is able to do so through his employer at a reasonable cost); *Pease v. Pease*, 877 S.W.2d 681, 682 (Mo.App. 1994) (reversing and remanding dissolution decree which omitted a provision for medical insurance coverage for the minor children holding that § 454.603 leaves no discretion with the trial court).

The statute further requires:

6. The cost of health benefit plan employee contributions or premiums shall

not be a direct offset to child support awards established pursuant to this chapter, chapters 210, 211, and 452, RSMo, but it *shall be considered when determining the amount of child support to be paid by the obligor.*

RSMo § 454.603.6 (emphasis added).

This subsection of § 454.603 contains mandatory language. The trial court has no discretion in whether it considers the cost of the health benefit plan in calculating child support. However, it is the obligation of the party seeking consideration of the cost of health insurance in a Form 14 calculation to present some evidence to the court as to cost. It is not the role of the trial court to produce evidence and, although the court may inquire about the existence of evidence, it is not an abuse of discretion to fail to do so. When the trial court orders a parent to provide a health benefit plan, the trial court must consider the cost of the health benefit plan when determining the amount of child support only if evidence of that cost is presented.

The judgment is affirmed.

Further, Respondent's Motion to Strike Portions of Appellant's Brief is denied.

ROBERT G. ULRICH, Presiding Judge, and HAROLD L. LOWENSTEIN, Judge, concur.