Ellen Elaine SHANDS, Plaintiff–Appellant,

v.

Wendell Gregory SHANDS, Defendant–Respondent.

No. 28154.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 31, 2007.

---

**2.** We deny the motion by the Division of Employment Security to strike the claimant's

brief and dismiss her appeal.

Devin S. Kirby, The Kirby Law Firm, P.C., Doniphan, MO, for appellant.

Scott A. Robbins, Kennedy, Kennedy & Robbins, L.C., Poplar Bluff, MO, for respondent.

GARY W. LYNCH, Chief Judge.

Ellen Elaine Shands ("Mother") appeals from the trial court's judgment denying her motion for contempt against Wendell Gregory Shands ("Father") for nonpayment of the college tuition and related expenses for their daughter, Jennifer Shands ("Daughter"), as provided in the separation agreement incorporated into the parties' judgment of dissolution of marriage. Mother contends on appeal that the trial court erred in applying the requirements of section 452.340.5, RSMo Cum.Supp.2005 [1] to the separation agreement, because Father's contractual sup-

---

1. Regardless of which version of the statute was in effect when the separation agreement was incorporated into the judgment decree of dissolution, the trial court at the time it heard Mother's motion for contempt was required to use the version in effect at that time. *Schottel–Lehde v. Schottel*, 75 S.W.3d 359, 364 (Mo.App.2002); *Davis v. Helton*, 796 S.W.2d 409, 412 (Mo.App.1990).

port obligations under the agreement were not contingent upon Daughter's compliance with the requirements of that statute. Because we find that the requirements of section 452.340.5 were applicable to the separation agreement as incorporated into the dissolution judgment, we affirm the judgment of the trial court denying Mother's motion for contempt.

### (1) Factual and Procedural Background

Mother and Father were divorced on July 23, 1999. The trial court awarded them joint custody of the one remaining minor child, Daughter, then age 19. The parties' Separation Agreement and Property Settlement was incorporated in and made a part of the Judgment Decree of Dissolution of Marriage. The agreement provided that Father would reimburse Mother for Daughter's health and dental insurance costs as long as Daughter was covered under Mother's insurance, and once Daughter became ineligible for coverage, Father would then be responsible for maintaining an insurance policy for Daughter until she completed college. The agreement also required Father to pay Daughter $2,500.00 per year in child support until she completed college, and to pay for her vehicle expenses and car insurance until she completed college. Father and Mother were each responsible under the agreement for paying one-half of Daughter's college tuition and fees until she completed college.

Beginning in 1998 and continuing through 2006, Daughter attended various colleges and universities as a full-time student, successfully completing twelve credit-hours each semester. In May of 2006 she graduated from the University of Missouri–Kansas City with a doctor of pharmacy degree, which is considered an un-

dergraduate degree. Neither Mother nor Father paid for Daughter's tuition, and Daughter borrowed $79,688.00 in student loans. Father provided Daughter with uninterrupted support, buying her two cars, paying for her car insurance and vehicle expenses, and paying one-half of all of her other expenses, except tuition, until November of 2004, at which time Daughter was 24 years old. Since November of 2004 Father has paid nothing.

In May of 2005 Mother filed a motion for contempt with the trial court and a hearing was held on that motion in December. Mother claimed Father owed her $4,990.72 in unreimbursed medical expenses and $29,812.84 for Daughter's past college expenses. The trial court found that Father's obligation under the parties' agreement and dissolution decree to pay child support, car insurance, medical costs and premiums, and one-half of Daughter's college tuition and fees was to continue "until she has completed college." The court also found, however, that these expenses, including college expenses, are a form of child support, and Daughter never provided Father with a copy of her school transcripts or other evidence of the courses she was enrolled in and completed for each semester, her grades or credits for the courses, a list of the courses which she was enrolled in for the upcoming semester or the number of credit hours for each such course, as required for continued child support under section 452.340.5, RSMo Cum.Supp.2005. Accordingly, the trial court denied Mother's motion for contempt, finding that Father was not liable for any of these expenses for the time period up to and including the fall semester of 2005, but he would be liable for future payments of such expenses so long as Daughter met the requirements of section 452.340.5.[2]

---

**2.** The trial court did find Father in contempt for failure to maintain a life insurance policy

in accordance with the requirements of the

In August of 2006, the trial court held a hearing on Mother's motion to set aside the judgment, on the limited issues of Father's obligation to pay Daughter's college expenses and to maintain a life insurance policy with Mother as the primary beneficiary. The court entered an amended judgment which adopted and restated its previous decision, adding only a few additional findings of fact. Mother timely filed a notice of appeal from the trial court's amended judgment. In her only point on appeal, she contends the trial court erred in denying her motion for contempt for nonpayment of Daughter's college and related expenses, because Father's agreement to pay these expenses until Daughter completed college was a contractual obligation and thus not contingent upon the requirements set forth in section 452.340.5.

### (2) Standard of Review

"The decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

### (3) Discussion

■ Marital separation and settlement agreements are considered to be valid, enforceable contracts. *Mason v. Mason*, 873 S.W.2d 631, 635 (Mo.App.1994). Section 452.325 provides that unless the court finds the terms to be unconscionable the agreement is binding on the court, except for provisions for the custody, support, and visitation of the children. Section 452.325.2, RSMo Cum.Supp.2006. Such

agreement, but that issue is not challenged or otherwise relevant in this appeal.

**3.** Although it is not relevant to this appeal, we note that effective August 28, 2007, section

provisions for the children may be modified by the court in certain circumstances. Section 452.370, RSMo 2000.

■ Section 452.340 governs the court's determination of child support obligations. Under that statute, child support obligations typically terminate when the child turns eighteen, unless the child is enrolled in and attending a secondary school or an institution of higher education, then the age for termination is extended. Sections 452.340.3(5) and 452.340.5, RSMo Cum. Supp.2006; *Peine v. Peine*, 200 S.W.3d 567, 572 (Mo.App.2006). If the child is attending secondary school, the child support obligation continues until the child completes the program or turns twenty-one, whichever occurs first. Section 452.340.5, RSMo Cum.Supp.2006. If the child is pursuing higher education, the child support obligation continues until the child completes his education or turns twenty-one, whichever comes first, and is contingent upon the child satisfying certain course-load and notification requirements. Section 452.340.5.[3]

■ The parties may contract to provide child support beyond the minimum requirements of section 452.340. *Kocherov v. Kocherov*, 775 S.W.2d 539, 540 (Mo.App. 1989); *Sunderwirth v. Williams*, 553 S.W.2d 889, 893 (Mo.App.1977); *Houston v. Snyder*, 440 S.W.2d 156, 160 (Mo.App. 1969). But if there is a conflict or disagreement between a judgment of dissolution and the requirements of section 452.340.5, the statute will control "so as to avoid conflict with Missouri law." *Schottel–Lehde v. Schottel*, 75 S.W.3d 359, 364 (Mo.App.2002).

452.340.5 was amended to change the termination age for extended child support for a child attending an institution of higher education from twenty-two to twenty-one. 2007 Mo. Laws 735.

In this case, the agreement provided that Father's obligation to pay Daughter's vehicle expenses, car insurance, medical and dental insurance, yearly child support amount, and half of her college tuition was to continue until Daughter completed college. All of these expenses are considered to be a form a child support. *Appling v. Appling*, 156 S.W.3d 454, 460 (Mo.App. 2005) ("the payment of the reasonable expenses of a child, for whom an obligation of support is owed, for attending [college] has been found to be a form of child support"); *Meyer v. Meyer*, 77 S.W.3d 40, 42 (Mo.App.2002) ("paying a child's college expenses is a form of child support"). *See also Vendegna v. Vendegna*, 125 S.W.3d 911, 917 (Mo.App.2004) (medical insurance costs are considered in Form 14 calculations of child support); *Smith v. White*, 114 S.W.3d 407, 414–15 (Mo.App.2003) (child's college expenses include car insurance and maintenance expenses); *Smith v. Smith*, 94 S.W.3d 394, 396–97 (Mo.App. 2003) (trial court must consider costs of health insurance in calculating child support); *In re Marriage of Cohen*, 884 S.W.2d 35, 40 (Mo.App.1994) (child support award may include automobile expenses and insurance premiums). Accordingly, these expenses must comply with the statutory requirements of section 452.340.5. *Schottel–Lehde*, 75 S.W.3d at 364.

■ The parties' agreement to extend the child support obligation until Daughter completes college is enforceable, because it extends the termination date beyond the minimum statutory requirement that support terminates when Daughter completes college or turns twenty-one. Section 452.340.5, RSMo 2007; *Kocherov*, 775 S.W.2d at 540; *Sunderwirth*, 553 S.W.2d at 893; *Houston*, 440 S.W.2d at 160. At issue is whether the language of the agreement contracted away the notification requirements of section 452.340.5. Under the statute, in order to receive continued support while attending college, the child must enroll for and complete twelve credit-hours per semester and achieve grades sufficient to reenroll. Section 452.340.5. The child must also comply with the notification requirements of providing each parent at the beginning of each semester (except the first semester) a transcript or similar official document from the institution showing: "(1) the courses enrolled in; (2) the courses completed for each semester; (3) the grades and credits received for each completed course; and (4) a transcript from the institution listing for the upcoming semester: (a) the courses enrolled in and (b) the number of credits for each course." *Peine*, 200 S.W.3d at 572.

■ In this case, the trial court found that Father was not obligated to pay Daughter's support for those semesters which Daughter did not comply with the notification requirements of section 453.340.5. Mother argues that the trial court misapplied that section to the agreement because Father "unambiguously agreed in the [Settlement Agreement] to financially support [Daughter] *until she completed college*." Mother asserts that section 452.340.5 is inapplicable because it is used "to determine when a child is emancipated," and Father clearly agreed to support Daughter beyond her emancipation. She cites to *Lombardo v. Lombardo*, 35 S.W.3d 386, 389 (Mo.App.2000), for the proposition that "[a] child's failure to comply with the requirements of [section] 452.340.5 ceases the child support obligation and the child becomes emancipated." While Mother is correct that Father clearly agreed to support Daughter beyond her emancipation, and we have already stated that agreement is enforceable, Mother has misconstrued the effects of the notification requirements of section 452.340.5.

■ "The notification requirements of section [452.340.5] are designed to make sure that the 'non-custodial parent can in-

sure that their children are using [their] child support payments to actually obtain a college education.'" *Peine*, 200 S.W.3d at 573 (quoting *Rogers v. Rogers*, 87 S.W.3d 368, 371–73 (Mo.App.2002)). If a student fails to comply with the notification requirements for a given semester, section 452.340.5 functions to relieve the obligated parent from paying support for that semester. *Peine*, 200 S.W.3d at 572. "Failure to comply with these requirements in any given semester, however, does not relieve the parent of the responsibility for future payments if the statutory requirements are then met." *Id.* *Lombardo* states that a child can be judged emancipated thus terminating the child support obligation only when the child does not comply with the statute's requirement to successfully complete twelve credit-hours per semester. *Peine*, 200 S.W.3d at 572. Thus, failure to comply with the notification requirements merely abates the child support obligation on a semester-by-semester basis, whereas failure to complete the required twelve credit-hours per semester results in the child's emancipation and terminates the child support obligation. *In re Marriage of Kohring*, 999 S.W.2d 228, 233–34 (Mo.1999); *McFadden v. McFadden*, 200 S.W.3d 594, 598–99 (Mo.App.2006); *Rogers*, 87 S.W.3d at 373; *Lyons v. Sloop*, 40 S.W.3d 1, 10 (Mo.App.2001); *Lombardo* 35 S.W.3d at 390–91.

The normal rules of contract construction apply to marital settlement agreements. *Wood v. Wood*, 2 S.W.3d 134, 138 (Mo.App.1999). Generally, the construction of a contract is a question of law. *Id.* "When the language of a provision is in dispute, the court must determine the parties' intent as manifested in the document itself and not by what the parties say they intended." *Daily v. Daily*, 912 S.W.2d 110, 114 (Mo.App.1995). The words of the agreement are given their plain and ordinary meaning. *Id.* "A court will not resort to rules of contract construction to interpret a contract where the contract by its terms is unambiguous." *Id.*

*Schottel–Lehde*, 75 S.W.3d at 363.

Mother is correct that the language of the agreement unambiguously states that Father shall pay Daughter's tuition and related expenses "until she has completed college." The plain and ordinary meaning of these words speaks to the date of termination: that Father's child support obligation extends beyond the minimum statutory termination age of twenty-one and will not terminate until Daughter completes college, no matter her age. This language has nothing to do with abatement, however.

Nothing in the agreement or dissolution judgment purports to address in any manner the notification requirements of section 452.340.5, or the abatement of support in the absence of compliance with those requirements. Consequently, the statute controls and the trial court did not err in enforcing the notification requirements of section 452.340.5. *Schottel–Lehde*, 75 S.W.3d at 364; *Davis v. Helton*, 796 S.W.2d 409, 412 (Mo.App.1990). We defer to the trial court's factual finding that Daughter did not comply with the notification requirements of section 452.340, *see In re Estate of Moore*, 136 S.W.3d 163, 164–65 (Mo.App.2004), and hold that the trial court did not err in finding Father's child support obligation was abated for those semesters in which Daughter did not comply with such requirements. Mother's point on appeal is denied, and the judgment of the trial court denying Mother's motion for contempt is affirmed.

BARNEY, P.J., and RAHMEYER, J., concur.