**J & M SECURITIES, LLC, Appellant,**

v.

**Yolanda BROWN, Respondent.**

No. ED 97242.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 11, 2012.

Benjamin J. Sansone, Clayton, MO, for Appellant.

Yolanda K. Brown, Conyers, GA, Pro Se, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

J & M Securities, LLC ("J & M") appeals from the judgment of the trial court awarding it a total amount of $2,702.14. J & M argues the trial court erred in failing to award it: (1) contractual pre-judgment interest from the date the debt accrued; and (2) contractual attorney fees as the prevailing party. We affirm as modified and remand.

On August 29, 2004, Yolanda Brown ("Brown") entered into a lease agreement with The Villas at Brentwood, LP ("The Villas") for an apartment. Brown subsequently breached the lease agreement on May 6, 2005.

The Villas assigned its claim against Brown to J & M pursuant to Section 425.300, RSMo 2000. On September 13, 2010, J & M brought suit against Brown for breach of contract, alleging its damages totaled $4,274.16 plus attorney fees and costs.

After a bench trial, the trial court entered judgment, making the following find-

ings: (1) J & M's request for interest from May 27, 2005 to August 24, 2010[1] was unconscionable because J & M was aware of Brown's whereabouts as of the move-out date of May 6, 2005 and delayed filing this action until September 13, 2010; (2) J & M failed to submit evidence regarding its request for attorney fees; and (3) Brown failed to provide the required 30–day notice to terminate as required by the lease. Thus, the trial court ordered Brown to pay J & M: (1) $1,959.32 for rent and late fees; (2) $33.41 for the unpaid water bill; and (3) $1,270.75 for the re-letting fee under the lease. The trial court also noted Brown was entitled to a setoff in the amount of $950.00, which represents the security deposit of $750.00 and a payment credit of $200.00 from October 13, 2005. Thus, J & M was awarded a total judgment of $2,313.64.

J & M subsequently filed a motion for new trial or to amend the judgment. J & M argued its knowledge of Brown's whereabouts was irrelevant and was used as a basis to erroneously deny it contractual interest. Further, J & M contended it did not fail to submit evidence regarding its request for attorney fees. J & M also maintained Brown did not submit as an affirmative defense that the contractual interest was procedurally or substantively unconscionable, and that it had no legal duty to file its suit earlier.

The trial then entered an amended judgment. The trial court's first finding of fact was amended to state "The [trial court] finds that the record lacks any evidence which indicates a specific demand as to amount and time for payment being made to [Brown] prior to the filing of this action." The trial court's second finding of fact was amended to state:

The [trial court] finds that the record lacks any evidence of plaintiff's counsels' hourly rate, what services were provided, that attorneys['] fees had been paid or that the services rendered were fair and reasonable. The [trial court] further finds that the admission of Plaintiff's Exhibit 10 alone (Plaintiff's Petition for Breach of Contract and the attached Affidavit of Rent Due and Attorneys['] Fees) did not provide the [trial court] with sufficient evidence for the [trial court] to award [ ] attorneys['] fees.

Thus, the trial court found J & M was not entitled to pre-judgment interest from May 27, 2005 to August 24, 2010, but was entitled to pre-judgment interest from September 13, 2010, the date of filing. The trial court also found J & M was not entitled to attorneys' fees. The trial court found J & M was entitled to recover a total judgment of $2,502.14, which was the same as the original judgment plus an amount for prejudgment interest.

J & M then filed a second motion for new trial or to amend the first amended judgment. J & M argued it was entitled to pre-judgment interest from the date the debt accrued and attorney fees as the prevailing party.

The trial court subsequently entered another amended judgment. The trial court denied J & M's motion for new trial, but granted its motion to amend in part. The trial court found a specific written demand was not a condition to allowance of prejudgment interest on a written contract. However, the court found under the circumstances here J & M was only entitled to pre-judgment interest from September 13, 2010, the date of filing the instant action. The trial court noted J & M was

1.  The parties refer to August 24, 2010 as the date of the original filing in the transcript. However, there is no record of a filing on that date in the record. The record indicates this suit was first filed September 13, 2010.

aware of Brown's whereabouts as of the May 6, 2005 move-out date, but chose to delay the filing of this action until September 13, 2010. Thus, under principles of fairness and justice, J & M was barred from recovering pre-judgment interest for the period from May 27, 2005 to August 24, 2010. The trial court also re-calculated the amount of pre-judgment interest that accumulated during the relevant period, which accounts for the extra $200.00 in this judgment. Further, the trial court denied J & M's request for attorney fees. Finally, the trial court entered judgment for J & M in the total amount of $2,702.14. This appeal follows.

In a court-tried case, appellate review is governed by Rule 84.13(d) and the principles articulated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Wedgewood Square Center Ltd. Partnership v. Stewart Title Guar. Co.*, 347 S.W.3d 582, 585 (Mo.App. S.D.2011). Accordingly, the judgment must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

■ In its first point, J & M argues the trial court erred in failing to award it contractual pre-judgment interest from the date the debt accrued, May 6, 2005. We agree.

■ Section 408.020 allows creditors to recover interest at a rate of nine percent "when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made." Section 408.020. Parties may also agree on a specific rate of interest which will control if it is not otherwise excessive under the law. *Schnucks Carrollton Corp. v. Bridgeton Health and Fitness Inc.*, 884 S.W.2d 733, 740 (Mo.App. E.D.1994). If no other rate of interest is

agreed upon, the rate in Section 408.020 is applicable. *Id.* Prejudgment interest may only be awarded where the claim is liquidated. *Miller v. Gammon & Sons, Inc.*, 67 S.W.3d 613, 624 (Mo.App. W.D.2001). To be liquidated, the claim must be fixed and determined or readily ascertainable by computation or a recognized standard. *Id.* The award of prejudgment interest in a case in which damages are liquidated is not a matter of court discretion; it is compelled. *Comens v. SSM St. Charles Clinic Medical Group, Inc.*, 335 S.W.3d 76, 82 (Mo.App. E.D.2011); *Holtmeier v. Dayani*, 862 S.W.2d 391, 407 (Mo.App. E.D. 1993). The purpose of statutory prejudgment interest is to promote settlement of lawsuits and fully compensate plaintiffs by accounting for the time-value of money. *Comens*, 335 S.W.3d at 80. In an action for breach of a written contract, interest ordinarily runs from the date of the breach or the time when payment was due under the contract. *Miller*, 67 S.W.3d at 624–25.

In this case, the contract provides "[a]ll unpaid amounts bear 18% interest per year from due date, compounded annually." Thus, the parties agreed on an interest rate of 18% per year from the due date. Further, the claim was liquidated and J & M petitioned for pre-judgment interest.

However, while the trial court did award some amount of pre-judgment interest in its second amended judgment, it did not award pre-judgment interest from the due date of May 6, 2005. Because the award of pre-judgment interest for liquidated damages is compelled, we find the trial court erred in failing to award the total amount due under the contract. Therefore, we modify the trial court's second amended judgment to award the contractual pre-judgment interest from the date the debt accrued, May 6, 2005. Further, we remand to the trial court for a calcula-

tion of pre-judgment interest beginning on May 6, 2005.

■ In its second point, J & M argues the trial court erred in failing to award it contractual attorney fees as the prevailing party. We disagree.

■ This court reviews the trial court's failure to award attorney's fees for an abuse of discretion. *Schottel–Lehde v. Schottel,* 75 S.W.3d 359, 365 (Mo.App. W.D.2002). The circuit court is deemed an expert at fashioning an award of attorneys' fees and may do so at its discretion. *Western Blue Print Co., LLC v. Roberts,* 367 S.W.3d 7, 23 (Mo. banc 2012). A trial court abuses its discretion when its decision is so clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Schottel,* 75 S.W.3d at 365. While in most circumstances the trial court is granted broad discretion to award attorney's fees, if a claim for attorney's fees is made under a provision of the contract, the trial court must comply with the terms set forth therein. *Id.*

J & M argues, relying on *Schnucks Carrollton Corp. v. Bridgeton Health and Fitness Inc.,* 884 S.W.2d 733, 739 (Mo.App. E.D.1994), that if a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision, the trial court must award them to the prevailing party. However, the relevant contract provision in that case stated "In the event that either party hereto shall bring legal action against the other party, then the prevailing party shall be entitled to reimbursement from the other party for all expenses

thus incurred, including a reasonable attorney's fee." *Id.* Thus, the contract language in *Schnucks* did not provide any discretion because it uses the word "shall" rather than conditional language.[2]

In contrast, the lease contract in this case provides "[u]nless a party is seeking exemplary, punitive, sentimental, or personal-injury damages, the prevailing party may recover from the non-prevailing party attorney's fees and all other litigation costs." Thus, the contract language does not make an award of attorney fees definite, but rather conditional. This language affords the trial court some discretion.

The tenant ledger shows a line item for $1,246.59 for attorney fees. J & M failed to prove the trial court's determination that it was not entitled to these attorney fees was an abuse of the trial court's discretion.

Therefore, we find the trial court did not err in failing to award J & M attorney fees. Point denied.

■ We also note J & M requested $8,625.00 in post-trial attorney fees and $70.00 for the filing fee for the appeal as an addendum to the second point in its brief. In support of this request, J & M submitted an invoice detailing its requested attorney fees in the appendix to its brief. However, this document does not appear in the record on appeal. Rule 84.04(h), which requires an appendix and directs what should or may be included in the appendix, does not authorize inclusion of evidence outside the record on appeal. *Evans v. FirstFleet Inc.,* 345 S.W.3d 297, 306 (Mo.App. S.D.2011). The mere inclu-

---

2. None of the cases cited by J & M use conditional language similar to the language at issue in this case. Thus, we find the following cases inapposite: *Luck "E" Strike Corp. v. First State Bank of Purdy,* 75 S.W.3d 828, 835 (Mo.App. S.D.2002); *Sheppard v. East,* 192 S.W.3d 518, 523 (Mo.App. E.D.2006); *Howe v. ALD Services, Inc.,* 941 S.W.2d 645, 652 (Mo.App. E.D.1997); *White v. Marshall,* 83 S.W.3d 57, 63 (Mo.App. W.D.2002); *Lee v. Investors Title Co.,* 241 S.W.3d 366, 368 (Mo. App. E.D.2007).

sion of documents in an appendix to a brief does not make them part of the record on appeal. *Id.* We cannot and will not consider documents outside the record. Therefore, we hereby deny J & M's request for attorney fees on appeal.

The judgment of the trial court is affirmed as modified and remanded to the trial court for a calculation of pre-judgment interest beginning on May 6, 2005.

ROY L. RICHTER, and ANGELA T. QUIGLESS, JJ., concur.