

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| RICHARD BROWN, et al., | ) | |
| Respondents, | ) | |
| | ) | |
| v. | ) | WD76778 |
| | ) | |
| SUSAN BROWN-THILL, | ) | FILED: April 29, 2014 |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County**
**The Honorable David M. Byrn, Judge**

**Before Division Two: Victor C. Howard, P.J., and Alok Ahuja**
**and Anthony Rex Gabbert, JJ.**

Susan Brown-Thill appeals the circuit court's denial of her request to recover the attorney's fees and costs she incurred in defending against Respondent Richard Brown's claims in this litigation. Because we conclude that Brown-Thill was entitled to recover her attorney's fees from Brown under a contract between the parties, we reverse, and remand to the circuit court to determine the amount of Brown-Thill's recoverable fees.

## Factual Background

Brown-Thill and Brown are the only two children of Eugene D. Brown and Saurine L. Brown, both of whom are deceased. Brown and Brown-Thill received a substantial inheritance from their parents. As a result, Brown and Brown-Thill are jointly involved in the management of a number of trusts and business entities.

Brown and Brown-Thill have had ongoing difficulties interacting in connection with financial and business matters. They entered into an Arbitration Agreement on March 3, 2010, to resolve pending litigation and facilitate the resolution of their present and future disputes. Under the Arbitration Agreement, Brown and Brown-Thill agreed to confidential, binding arbitration of

[a]ll existing and future disputes and controversies between the parties, whether in their individual capacities, their capacities as co-beneficiaries and/or co-trustees of the Eugene D. Brown Trust and the Saurine L. Brown Trust (and/or sub-trusts thereunder), or in their capacities as co-owners, partners, or members of any business entity, . . . which arise out of or relate to the administration and investment of the trusts, partnerships and assets of the Eugene D. Brown and Saurine L. Brown estates, the payment of estate taxes of such estates, or the division of assets of such estates . . . .

The Arbitration Agreement provides that "[t]he arbitrator's decision shall be final and binding on the parties," and that "[j]udgment may be entered upon any award rendered by the arbitrator." The Agreement also provides, in ¶ E, that

[t]he provisions of this Agreement shall be a complete bar and defense to any suit, action or proceeding instituted in any court or before any administrative tribunal with respect to any dispute or controversy arising out of or in connection with this Agreement. *If either party pursues any claim, dispute, or controversy against the other in a proceeding other than the arbitration provided herein, the responding party shall be entitled to dismissal or injunctive relief regarding such action and recovery of all costs, losses, and attorneys' fees relating to such action.*

(Emphasis added.)

In April 2010 the parties executed an amendment to the Arbitration Agreement, which selected Richard McLeod as their presumptive arbitrator. The April 2010 amendment gave Arbitrator McLeod "full and complete binding authority to resolve any and all issues submitted to him for arbitration."

The parties arbitrated several disputes before Arbitrator McLeod. Ultimately, based on their continuing inability to work together in a productive fashion, Brown-Thill requested that

2

Arbitrator McLeod remove Brown as a co-trustee of the Eugene D. Brown Trust. Before the issue could be arbitrated, however, Brown resigned as co-trustee on October 10, 2011, conditioned on his unilateral appointment of his friend John Rubenstein as his successor.

Brown-Thill disputed Brown's authority to unilaterally appoint Rubenstein as successor co-trustee. On October 25, 2011, Brown-Thill's attorney sent a letter to Brown's attorney, stating that Brown-Thill intended to move forward with arbitration of her application for removal of Brown as co-trustee of the Eugene D. Brown Trust. The letter also indicated that Brown-Thill would seek a determination that Brown's conditional resignation as co-trustee of the Trust, and his unilateral appointment of Rubenstein as his successor, were invalid.

The parties set the issues for arbitration on December 5, 2011. On October 26, 2011, however, Brown filed this lawsuit in the Circuit Court of Jackson County, seeking a declaration that his appointment of Rubenstein as successor co-trustee was valid and effective. Brown-Thill was served on November 30, 2011.

On December 1, 2011, Brown moved to dismiss the arbitration, alleging that Arbitrator McLeod lacked jurisdiction because Rubenstein and Brown's children (who were potential beneficiaries of the Trust) were necessary parties, and were not subject to the Arbitration Agreement. On December 2, McLeod denied Brown's motion to dismiss.

Brown-Thill and Brown appeared at Arbitrator McLeod's offices on December 5, 2011, for the arbitration. Brown's counsel informed McLeod that Brown would not participate in the arbitration, and Brown left without presenting evidence. Brown-Thill presented her case in Brown's absence.

On December 12, 2011, McLeod issued his award. The award found that Brown's attempt to unilaterally appoint Rubenstein as successor co-trustee of the Eugene D. Brown Trust

3

was invalid. This conclusion had the effect of also invalidating Brown's conditional resignation as co-trustee. Arbitrator McLeod then ruled, however, that grounds existed to remove Brown as co-trustee for cause, based on his persistent failure to cooperate with Brown-Thill in the administration of the Trust.

On the same day that Arbitrator McLeod issued his award, Brown-Thill filed an action to confirm the arbitration award in the United States District Court for the Western District of Missouri. The federal case (No. 4:11-cv-01245-W-SOW) was assigned to Senior Judge Scott O. Wright.

In the meantime, Brown-Thill filed an answer and counterclaim in this action. Her counterclaim alleged that the issues Brown sought to litigate were subject to arbitration under the Arbitration Agreement. Brown-Thill accordingly sought to recover her costs and attorney's fees for defending this action pursuant to ¶ E of the Agreement.

In September 2012 Brown-Thill filed a motion to dismiss Brown's claims, arguing among other things that the same issues were pending in her federal-court action, and were better resolved there. Brown-Thill's motion to dismiss requested an award of her attorney's fees and costs pursuant to ¶ E of the Arbitration Agreement.

On October 29, 2012, the circuit court entered an order cancelling a scheduled trial date, and staying the litigation pending a ruling on summary-judgment motions which had been filed in the federal lawsuit.

On March 8, 2013, Judge Wright entered an order in the federal litigation which granted Brown-Thill's motion for summary judgment and for confirmation of Arbitrator McLeod's December 12, 2011 award. Among other things, the federal-court order found that Arbitrator McLeod had jurisdiction over Brown's removal as co-trustee, and over the validity of Brown's

4

attempted appointment of Rubenstein as successor co-trustee, and that it was unnecessary to join Rubenstein, or Brown's children, in the arbitration proceeding.

After being informed of the federal order, the circuit court entered a final judgment on May 2, 2013. The circuit court's judgment dismissed all claims in this case without prejudice, on the basis that the federal-court judgment "address[es] and resolve[s] the same issues and claims raised in the case currently before this Court."

Brown-Thill filed a timely motion to amend the judgment, in which she contended that the trial court should modify its dismissal to award her the costs and attorney's fees requested in her counterclaim. The circuit court denied Brown-Thill's motion to amend, and she appeals.

### Standard of Review

We review the dismissal of claims in a civil action *de novo*. *See*, *e.g.*, *Session v. Dir. of Revenue*, 417 S.W.3d 898, 901 (Mo. App. W.D. 2014) (quoting *In re Est. of Austin*, 389 S.W.3d 168, 171 (Mo. banc 2013)). While we generally "review the denial of a request for attorneys' fees for an abuse of discretion," *Kopp v. Home Furnishing Center., LLC*, 210 S.W.3d 319, 329 (Mo. App. W.D. 2006), "if a contract provides for the payment of attorney fees and expenses incurred in enforcing rights under the contract, the trial court must award those fees." *Hoag v. McBride & Son Inv. Co.,* 967 S.W.2d 157, 175 (Mo. App. E.D. 1998). We review issues of contract interpretation *de novo*. *Kelly v. State Farm Mut. Auto. Ins. Co.*, 218 S.W.3d 517, 522 (Mo. App. W.D. 2007).

**Discussion**

Brown-Thill contends that, under the express terms of the Arbitration Agreement, she is entitled to her costs and attorney's fees in this action, and that the trial court therefore erred in dismissing her counterclaim and refusing to award her fees and litigation costs. We agree.[1]

"While in most circumstances the trial court is granted broad discretion to award attorney's fees, if a claim for attorney's fees is made under a provision of the contract, the trial court must comply with the terms set forth therein." *J&M Secs., LLC v. Brown*, 388 S.W.3d 566, 570 (Mo. App. E.D. 2012) (citing *Schottel-Lehde v. Schottel*, 75 S.W.3d 359, 365 (Mo. App. W.D. 2002)). "Thus, a trial court's has no discretion whether to award attorneys' fees where they are recoverable by contract, and its failure to do so is erroneous." *Midland Prop. Partners, LLC v. Watkins*, 416 S.W.3d 805, 817 (Mo. App. W.D. 2013). *See also*, *e.g.*, *Lee v. Investors Title Co.*, 241 S.W.3d 366, 368 (Mo. App. E.D. 2007); *Bechtle v. Tandy Corp.*, 77 S.W.3d 689, 696 (Mo. App. E.D. 2002); *Miller v. Gammon & Sons, Inc.*, 67 S.W.3d 613, 625 (Mo. App. W.D. 2001).

"An essential principle of contract interpretation is to ascertain the intent of the parties. The terms of a contract are read as a whole to determine the intention of the parties and are given their plain, ordinary, and usual meaning." *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853,

---

[1]     Brown argues that, because the trial court dismissed Brown-Thill's counterclaim without prejudice, we do not have jurisdiction over this appeal. Brown is correct that "[t]he general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *Walters Bender Strohbehn & Vaughan, P.C. v. Mason*, 316 S.W.3d 475, 477 (Mo. App. W.D. 2010) (quoting *White v. White*, 293 S.W.3d 1, 7 (Mo. App. W.D. 2009)). Despite this general rule, "an appeal can be taken where the dismissal has the practical effect of terminating the litigation in the form presented by the plaintiff." *Id.* at 478 (quoting *State ex rel. Nixon v. Smith*, 280 S.W.3d 761, 765 (Mo. App. W.D. 2009). Here, the trial court dismissed on the basis that Brown and Brown-Thill's claims and counterclaims had been "address[ed] and resolve[d]" in the federal litigation. A dismissal without prejudice based on such preclusion principles is appealable, because it "has the practical effect of terminating the action in the form cast." *Id.* (quoting *Shores v. Express Lending Servs., Inc.*, 998 S.W.2d 122, 125 (Mo. App. E.D. 1999)).

859 (Mo. banc 2006) (internal citations and quotation marks omitted). Here, ¶ E of the Arbitration Agreement provides in unambiguous language that, if either party pursues any claim subject to the Arbitration Agreement in a forum other than arbitration, the defending party "shall be entitled" to recover its costs, including attorney's fees, associated with the non-arbitral proceeding.[2]

This lawsuit plainly involved claims by one party to the Arbitration Agreement, against the other party to the Agreement, "in a proceeding other than the arbitration provided" in the Agreement itself.

Brown argues, however, that the claims he sought to litigate in this action were not subject to arbitration, and therefore that this litigation does not trigger ¶ E. Brown argues that the dispute was non-arbitrable because his children (who are potential beneficiaries of the Trust), and Rubenstein (whom Brown attempted to appoint as successor co-trustee) are necessary parties. Because Rubenstein and Brown's children are not signatories to, and are not bound by, the Arbitration Agreement, Brown argues that they could not be forced to participate in any arbitration.

Brown raised this identical argument in the federal-court litigation, in response to Brown-Thill's application to confirm the arbitration award. Judge Wright rejected Brown's argument, and found that Brown-Thill's request for Brown's removal as co-trustee, and the parties' dispute over Rubenstein's appointment as Brown's successor, were properly decided by Arbitrator McLeod. The circuit court found that Brown was bound by the result of the federal-court litigation when it ruled that Brown's affirmative claims in this litigation were "address[ed] and resolve[d]" in the federal case. Brown has not challenged that ruling in this appeal, and the

---

[2]      The federal-court order concludes that ¶ E does not apply to litigation to confirm or vacate an arbitration award. That issue is not before us.

ruling appears to be a straightforward application of the doctrine of *res judicata* or claim preclusion. *See*, *e.g.*, *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 715 (Mo. banc 2008) ("*Res judicata*, a Latin phrase meaning 'a thing adjudicated,' prohibits a party from bringing a previously litigated claim."). Although Brown points out that he has appealed the federal judgment, "[u]nder Missouri law, a judgment on the merits at the trial-court level is considered a final judgment for purposes of *res judicata* and collateral estoppel, even if the appeal of that judgment is still pending." *Noble v. Shawnee Gun Shop, Inc.*, 316 S.W.3d 364, 369 (Mo. App. W.D. 2010) (citing *Consumers Oil Co. v. Spiking*, 717 S.W.2d 245, 251 (Mo. App. W.D. 1986)); *see also Patrick V. Koepke Constr., Inc. v. Woodsage Constr. Co.*, 119 S.W.3d 551, 557 (Mo. App. E.D. 2003).[3]

The terms of the Arbitration Agreement are clear: if a party to the Agreement files suit over an arbitrable dispute, the party initiating the non-arbitral action shall bear the other party's costs related to the proceeding, including attorney's fees. The federal-court judgment establishes that the claims raised in Brown's state-court petition were subject to arbitration, and Brown is precluded from challenging that conclusion here. Given that the conditions specified in ¶ E were satisfied,[4] Brown-Thill was entitled to recover her attorney's fees and other litigation costs from Brown.

---

[3] Brown filed this state-court action before Brown-Thill filed the federal suit. At least as a general proposition, however, the application of claim preclusion does not depend on the order in which the related actions were filed. Instead, preclusive effect is afforded to whichever action is first reduced to judgment. *See Andes v. Paden, Welch, Martin & Albano*, 897 S.W.2d 19, 21 n.1 (Mo. App. W.D. 1995) (quoting RESTATEMENT (2D) OF JUDGMENTS § 14 (1982)).

[4] Paragraph E does not specifically require that "the responding party" in the non-arbitral proceeding *prevail* in that proceeding. Under Missouri law, however, "even if the contract is silent on the issue, a party may only recover its fees under a contract provision if it is a prevailing party." *Ken Cucchi Constr., Inc. v. O'Keefe*, 973 S.W.2d 520, 528 (Mo. App. E.D. 1998). That (implied) condition is satisfied here – Brown-Thill prevailed against Brown's attempts to prevent the confirmation of the December 12, 2011 arbitration award, and to re-litigate in court the issues decided by that award.

Brown argues that, even if Brown-Thill has a right to recover her attorney's fees and costs under ¶ E, she should assert that claim before the arbitrator, not in this judicial proceeding. Brown cites no legal authority to support this argument. The general rule is that a defending party's claim to recover its attorney's fees from the plaintiff under a contract between the parties, if it prevails on plaintiff's claims, is a compulsory counterclaim which must be asserted and resolved in the underlying action. *See Beasley v. Mironuck*, 877 S.W.2d 653, 656 (Mo. App. E.D. 1994). We see nothing in the Arbitration Agreement which would alter this rule. Therefore, Brown-Thill was entitled to recover her attorney's fees and litigation costs *in this action*, and the circuit court erred in refusing to grant her request.[5]

Brown-Thill has also requested that we award her the attorney's fees she has incurred in this appeal. "Attorneys' fees may be awarded on appeal if they are based on a written agreement that is the subject of the issues presented in the appeal." *Mead v. Moloney Secs. Co.*, 274 S.W.3d 537, 545 (Mo. App. E.D. 2008); *Bechtle v. Tandy Corp.*, 77 S.W.3d 689, 696 (Mo. App. E.D. 2002). Brown-Thill's request to recover her appellate attorney's fees and costs is granted; we remand to the circuit court for a determination of the amount of those fees and costs.

**Conclusion**

The circuit court's judgment is reversed to the extent that it denied Brown-Thill's request to recover her attorney's fees and costs related to her defense of this action. The case is

---

[5] Brown does not attempt to defend the circuit court's judgment on the grounds on which it was explicitly based, namely, that all of the claims in this case (including Brown-Thill's claim for attorney's fees and costs) were "address[ed] and resolve[d]" by the federal court's judgment. Our review of the federal-court judgment makes clear that it did *not* address or resolve Brown-Thill's right to recover attorney's fees or costs for the defense of *this* action. Moreover, Brown has not argued that Brown-Thill *should have* raised her claim for attorney's fees associated with this action in the federal court. Given Brown's failure to make this argument earlier, it cannot be raised now. *See Joel Bianco Kawasaki Plus v. Meramec Valley Bank*, 81 S.W.3d 528, 534-536 (Mo. banc 2002); *66, Inc. v. Crestwood Commons Redev. Corp.*, 998 S.W.2d 32, 42-43 (Mo. banc 1999).

Given our disposition, we need not address Brown-Thill's alternative argument that she was entitled to her attorney's fees under § 456.10-1004, RSMo.

remanded to the circuit court for a determination of the amount of Brown-Thill's recoverable fees and costs, and the entry of judgment for Brown-Thill in that amount. In addition, we grant Brown-Thill's request for an award of attorney's fees and costs for this appeal. On remand, the circuit court shall determine the amount of her recoverable appellate fees and costs, and shall include an award of that amount in its judgment.

_____
Alok Ahuja, Judge

All concur.

10